BEVERLY A. RICE & another *vs.* BOARD OF APPEALS OF DENNIS.

Barnstable.    March 6, 1961. — May 1, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Building Laws. Board of Appeals. Equity Jurisdiction,* Appeal from decision of board of appeals. *Superior Court,* Jurisdiction.

The board of appeals under a town's building code adopted under G. L. c. 143, § 3, as amended, had no jurisdiction to grant a variance of the code where the code made no provision for variances.    [500–501]

The Superior Court had no jurisdiction under G. L. c. 40A, § 21, as amended, or under G. L. c. 143, § 55, to entertain a suit in equity by way of appeal from a decision of the board of appeals under a town's building code granting a variance of the code.    [501–502]

Where the board of appeals under a town's building code had no jurisdiction to grant, as it did, a variance of the code, and the Superior Court had no jurisdiction of a suit in equity brought therein by way of appeal to it from the board's decision, but nevertheless a decree was entered sustaining the board's decision, this court, on appeal from the decree, reversed it and ordered the bill dismissed.    [502]

BILL IN EQUITY, filed in the Superior Court on November 18, 1957.

The suit was heard by *Kirk,* J.

*Bernard B. Gould,* for the plaintiffs.

No argument nor brief for the defendant.

WILKINS, C.J. This bill in equity, purportedly under G. L. c. 40A, § 21, inserted by St. 1954, c. 368, § 2, is in the nature of an appeal from a decision of the board of appeals of Dennis. That decision had purported to grant to one Lane, the owner of a lot on Dexter Snow Avenue in a development known as "Riverview," a variance by reducing from twenty-five feet to seven feet the set-back line prescribed in the town building code, which was adopted by by-law in 1957. The judge filed "findings of fact and order for decree," pursuant to which a final decree was entered stating that the board did not exceed its authority, and that no modification of its decision is required. The plaintiffs, who are the owners of property across the street from Lane, appealed. The evidence is reported.

The judge allowed the plaintiffs' motion to print as part of the record a statement filed by the plaintiffs' counsel to the effect that "While this appeal was pending, and basing his action on the decision of the board of appeals of November 4, 1957, the building inspector, on May 12, 1958, issued a permit to Alfred R. Lane to build a dwelling that did not conform to the building laws of the town of Dennis."

An unusual feature is that the variance was sought and granted, not under the zoning by-law, but under the building code, which contains no reference to the subject of variances. The town does have a zoning by-law enacted in 1952, but it is not in evidence. We know only that the defendant board is the board of appeals under both by-laws;[1] that the zoning by-law divides the town into two classes of districts, restricted and unrestricted; and that the plaintiffs and Lane are in the unrestricted class.

The authority for the enactment of the building code was G. L. c. 143, § 3, as amended. The code was distinct from the zoning by-law. *Turner v. Board of Appeals of Milton,*

---

[1] General Laws c. 40A, which deals with zoning, states in § 14, as amended, "Every zoning ordinance or by-law shall provide for a board of appeals, which may be the existing board of appeals under the local building or planning ordinances or by-laws."

305 Mass. 189, 192. The material portions of the code are found under the subtitle "A. General": § 6, par. 1, "These by-laws shall be administered by the building inspector. He shall approve no application of any kind, plans or specifications which are not in all respects in conformity to these by-laws." § 7, par. 2, "Any person aggrieved by the refusal of the building inspector to issue a permit under the provisions of the by-law, or by a decision of the building inspector made under the provisions of this by-law, may appeal to the board of appeals."

The reported evidence shows, and we find, that prior to the decision of the board of appeals Lane made no application for a permit to the building inspector; that the building inspector did not refuse to issue such a permit; and that the variance was granted upon an application made in a letter of Lane to the defendant board. Indeed, it is quite apparent that the inspector would have had no discretion to vary the requirements of the construction regulations of the by-law, subtitle B, Construction Regulations, § 3, par. 1, of which is, "All buildings shall not be less than twenty-five (25) feet from the street line." It is equally apparent that the board of appeals had no authority under the building code to act as an administrative body of original jurisdiction.

We must consider the precise form of appeal invoked. The plaintiffs could not properly have brought this bill under c. 40A, § 21, as amended, because, as we now decide, that relates only to appeals from decisions under zoning ordinances and by-laws. At all times material to this case, § 21 was in the form appearing in St. 1957, c. 199, entitled "An Act authorizing cities and towns to provide legal counsel for municipal officers or boards appealing decisions of boards under the subdivision control law or under the zoning law." The provision of c. 199 as to the subdivision control law was in § 2, which amended G. L. c. 41, § 81BB, and explicitly limited such appeals to those under that law. The provision of c. 199 as to the zoning law was in § 1. While there was no express statement that

§ 1 dealt only with appeals under the zoning law, it is clear from the titles to subsequent statutes amending § 21 that the procedure of § 21 is confined to appeals under the zoning law. See St. 1958, c. 175, entitled "An Act relative to appeal to the superior court from the decision of a board of appeals under the zoning enabling act"; St. 1960, c. 365, entitled "An Act relative to the procedure in appeals from the decisions of boards of appeal under zoning ordinances and by-laws." *Cumberland Farms, Inc.* v. *Milk Control Commn.* 340 Mass. 672, 678.

The plaintiffs would not be aided if we could construe this as an appeal under G. L. c. 143, relating to the building law. The pertinent provision of c. 143 is § 55 (as amended through St. 1949, c. 541, § 7), which states that "Any person aggrieved by an order, requirement or direction of an . . . inspector of buildings . . . may . . . appeal to a judge of the superior court for the county where the building to which such order, requirement or direction relates is situated . . . ." Not only is the issuing of a building permit by a building inspector not "an order, requirement or direction" within the meaning of § 55 (see *Old Colony Trust Co.* v. *Merchant Enterprises, Inc.* 332 Mass. 484, 486), but the only permit said to have been issued by him was subsequent to the appeal. It is obvious the plaintiffs could not have had the benefit of any appellate procedure afforded by G. L. c. 143.

If the plaintiffs could have proceeded by certiorari (see *Paquette* v. *Fall River,* 338 Mass. 368, 374), two years having elapsed, it is now too late to do so. G. L. c. 249, § 4 (as amended through St. 1953, c. 586, § 1).

In summary, the board of appeals lacked jurisdiction to grant the variance, and the Superior Court had no jurisdiction of the appeal and should have dismissed the bill. Our proper course is to reverse the decree and dismiss the bill. *Henry L. Sawyer Co.* v. *Boyajian,* 303 Mass. 311, 314. *Donnelly* v. *Montague,* 305 Mass. 14, 19. *Broderick's Case,* 320 Mass. 149, 151.

*Decree reversed.*
*Bill dismissed.*