HERBERT R. CHURCH, JUNIOR, *vs.* BUILDING INSPECTOR OF NATICK.

Middlesex.    October 5, 1961. — December 1, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Mandamus.  Zoning,* Board of appeals: appeal to board; Issuance of permit.

Mandamus did not lie to compel the building inspector of a town having a combined building code and zoning by-law to issue a permit to the petitioner for the construction of a dwelling on a lot, which the inspector had denied because the lot did not have the frontage on a recognized street required by a provision of the by-law appropriate to a zoning by-law, where the petitioner had not appealed from such denial to the board of appeals as permitted by G. L. c. 40A, § 13, as amended through St. 1955, c. 325, § 1, and by the by-law.

PETITION for a writ of mandamus filed in the Superior Court on June 29, 1960.

The case was heard by *Bolster*, J.

*Elliot E. Rosenberg*, for the petitioner.

*James P. Murray*, Town Counsel, for the respondent.

CUTTER, J.    Church applied to the building inspector for a building permit to construct a dwelling on land in Natick. The building inspector denied the application ''because the proposed building did not conform to the requirements of the [b]uilding [c]ode and zoning by-laws of . . . [Natick],[1] in that the location did not have sufficient frontage on a recognized street [see code § 4. 4. 6], as defined in'' § 2. 1 of the code.

Within six days of the denial of the permit, Church filed this petition for a writ of mandamus to command the building inspector to issue the permit.    The trial judge denied the writ and ordered the petition dismissed, among other reasons, because Church had ''failed to avail himself of the provisions of the statute and of the . . . [b]uilding [c]ode by appeal.''    The evidence is reported on the present appeal by Church from the judge's order.    See G. L. c. 213, § 1D (as amended through St. 1957, c. 155).

Section 4. 4. 6 of the code, upon which the building inspector relied in denying the permit, is found in c. 4 of the code.    It requires specified street frontages for lots of designated types.    This chapter, entitled ''General Building Restrictions,'' contains provisions establishing a central fire district, prescribes building height limits, and (in § 4. 4) regulates the location of buildings on lots.    This last mentioned heading in turn covers such items as (a) percentage of open space, (b) front, rear, and side yards, (c) structures allowed in yards, (d) size of lots, (e) maintaining open spaces, and (f) special restrictions in particular

---

[1] Natick in 1931 had adopted a zoning by-law which has been published in a single volume with, and as part of, the then existing building code.    Section 1. 2. 6 of the code (described in § 0.1 as ''The Building Code and Zoning By-Laws'' [1953 ed.]) provided that ''[a]ny person aggrieved by an order . . . or refusal of a permit . . . or by a ruling on . . . any part of this [c]ode by the [i]nspector, may appeal to . . . [the] [b]oard [of appeals created by § 1. 2. 6] within ten days of the date thereof by filing a written notice of appeal with the [i]nspector.''    The board may ''affirm, annul or modify such order . . . refusal, ruling or application, or shall determine the true intent and application of any provisions of the [c]ode in question.''

parts of the town. The general subject matter of these provisions is appropriate to a zoning by-law and, so far as now relevant, may be dealt with by use of the municipal legislative authority granted by the zoning enabling statute. See G. L. c. 40A,[2] § 2 (as amended through St. 1959, c. 607, § 1) and § 3; *Pierce* v. *Wellesley*, 336 Mass. 517, 521. See also *Gem Properties, Inc.* v. *Board of Appeals of Milton*, 341 Mass. 99, 101–102; *Jenckes* v. *Building Commr. of Brookline*, 341 Mass. 162, 164.

General Laws c. 40A, § 12, requires a town building inspector to "withhold a permit for the construction . . . of any building . . . if the building . . . as constructed . . . would be in violation of any zoning . . . by-law." Chapter 40A, § 13 (as amended through St. 1955, c. 325, § 1), permits an appeal to the board of appeals "by any person aggrieved by reason of his inability to obtain a permit from any administrative official under the provisions of this chapter." Church has not taken such an appeal, which is specifically provided by § 1. 2. 6 of the Natick code (see footnote 1, *supra*). The trial judge correctly ruled that Church could not proceed by petition for a writ of mandamus before he had exhausted his remedy authorized by G. L. c. 40A, § 13, and provided for in the Natick code. See *Madden* v. *Secretary of the Commonwealth*, 337 Mass. 758, 761; *O'Day* v. *School Comm. of West Brookfield, ante*, 122, 124. Cf. *Hinves* v. *Commissioner of Pub. Works of Fall River*, 342 Mass. 54, 57, where there was no writing establishing the content of an order or decision from which an appeal could be taken under § 13. *Rice* v. *Board of Appeals of Dennis*, 342 Mass. 499, 501–502, does not establish that no remedy

---

[2] The combined Natick building code and zoning by-laws were adopted prior to the enactment by St. 1954, c. 368, § 2, inserting, as G. L. c. 40A, a new zoning enabling act. The code seems in part to be based upon the authority then found in G. L. c. 40, § 25 (as appearing in St. 1933, c. 269, § 1, and as amended by St. 1950, c. 325, § 1), and in part upon the authority found in G. L. c. 143, § 3 (as amended through St. 1951, c. 85, and more recently amended by St. 1958, c. 515, and St. 1959, c. 607, § 2). The provisions of c. 40A "so far as they are the same as those" of earlier repealed provisions (see c. 368, § 1) are to "be construed as continuations of" the earlier provisions. See St. 1954, c. 368, § 3. Section 3 of the 1954 statute also provided that its enactment should "not affect the validity of any action lawfully taken" under earlier provisions.

existed here by appeal under c. 40A, §§ 13 and 21, and related by-law provisions. In that case, upon a meager record which did not reveal the contents of the Dennis zoning by-law, it was held that an appeal could not be taken under G. L. c. 40A, § 21, by an abutting landowner from a decision granting a variance from the application of provisions only shown to exist in the town building code, on the basis of which a permit was later issued. Section 21 was held to relate to appeals arising with respect to zoning ordinances and by-laws and not to appeals arising only under a building by-law. The *Rice* case differs from the present case in that this is an appeal by one denied a permit because of a by-law provision appropriate to a zoning by-law in a town where the zoning and building by-law provisions have been combined.

*Order for judgment affirmed.*