EDWARD MITCHELL & others *vs.* BOARD OF SELECTMEN OF SOUTH HADLEY & others.

Hampshire.    April 2, 1963. — May 31, 1963.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Zoning*, Validity, Spot zoning.    *Mandamus.*

Mandamus seeking an order directing the board of selectmen and the building inspector of a town to enforce its zoning by-law as it existed prior to an amendment rezoning a parcel of land near the petitioners' properties was an appropriate method of attacking the validity of the amendment. [159]

An amendment of a town's zoning by-law changing the classification of two adjoining lots of land from residential to business was invalid as spot zoning where it appeared that, although the two lots adjoined a "corner lot" zoned for business on which the common owner of the three lots operated a market, most of the nonconforming business uses in the predominantly residential area near the lots had been discontinued, that the trend in such area was definitely toward residential construction, and that the amendment was incompatible with the town zoning plan to have businesses in a business zone one-half mile from the lots.    [161]

PETITION for a writ of mandamus filed in the Superior Court on April 3, 1961.

The case was heard by *Noonan, J.*

*H. Pare Ducharme* for the petitioners.

*Frank Hurley*, Town Counsel, for the respondents, submitted a brief.

KIRK, J. This is an appeal under G. L. c. 213, § 1D, from a decisive order dismissing the petitioners' petition for a writ of mandamus. The judge made no findings. We have before us a condensed transcript of the evidence and numerous exhibits. Under the statute all questions, whether of fact, of law, or of discretion which were open before the judge are open to us.

The petitioners seek an order directing the board of selectmen and the building inspector of the town to enforce, with respect to the land owned by one Koske, the zoning by-law as it existed prior to an amendment voted at a town meeting on March 18, 1961. By that amendment Koske's land (the locus), theretofore partly classified as Residential A–1 and partly as Residential A–2, was reclassified as Business A.

The petitioners are owners of nearby residential property. The locus is comprised of two lots which adjoin each other. One of these lots abuts another lot of Koske's which had been zoned Business A prior to the 1961 amendment. All three lots are contained within a triangular area formed by the intersection of Pitroff Avenue and Granby Road. The lot at the apex of the triangle, the "corner lot," is the one which had been zoned for business. Pitroff Avenue and Granby Road, which form the sides of the triangle, intersect with two other streets (Willimansett and Lyman streets) at the point of the corner lot. There is a heavy concentration of traffic at this intersection.

The remedy of mandamus is appropriate and not prematurely sought. *Sunderland* v. *Building Inspector of No. Andover,* 328 Mass. 638. *Atherton* v. *Selectmen of Bourne,* 337 Mass. 250, 257–259.

An examination of the transcript and the voluminous documentary evidence discloses the following. At the time of the adoption of the original zoning by-law in 1946, whereby the area, which included the locus, was zoned for residence purposes, there were several nonconforming business uses, including a turkey farm and two filling stations, in the vicinity of the locus along Granby Road. In the

ensuing period most of the nonconforming business uses have been discontinued. Since World War II a great deal of residential construction has taken place in the area north of the locus. Indicative of this is the fact that, while both sides of Granby Road north of the locus had formerly been designated Residence A–1 to a depth of 150 feet with the remaining back land classified as "Agricultural," this latter area was changed in 1958 to Residence A–1 so as to be in conformity with the pronounced trend toward single family residences in the area.

One-half mile north of the locus along Granby Road, there is at present an area of seventy-two acres zoned for business. The location of this district is the result of an extensive study undertaken in 1959 by the planning board in conjunction with certain experts in the field as to the most desirable pattern of commercial, industrial, and residential building in the town of South Hadley. The recommendation of the planning board that commercial and industrial zoning be of the "area" type rather than of the "ribbon" or "spotty" pattern was accepted by the town meeting and led to the complete revision of the zoning map in these aspects in 1959. Besides the establishment of the seventy-two acre business zone, a 250 acre industrial area was created.

Koske operates a market on the corner lot referred to above. It was his plan to use the locus to enlarge the size of the market and also to erect two additional buildings, one to be used as a drugstore, and the other as a package store. The land abutting the intersection of the streets includes a school and two other lots zoned Business A, only one of which is actually devoted to business uses. All the other land in the area is zoned for residential uses. At the time the 1961 amendment was passed the only businesses in the vicinity of the locus were a neighborhood grocery store across the intersection from Koske's market and a small vegetable stand south of the locus, a nonconforming use. The area north of the locus is completely given over to residential uses except for a greenhouse, a filling station, a flor-

ist shop, a dairy bar or ice cream stand, and an antique shop. Of this group only the latter two businesses are not in the new seventy-two acre business area. Although the grocery stores at this intersection are the only two grocery stores in South Hadley, there are numerous other such stores located near by in surrounding towns.

We recently had occasion to collect the cases stating the test to be applied and the considerations to be weighed in determining the validity of zoning ordinances and by-laws and amendments thereto. *Schertzer* v. *Somerville,* 345 Mass. 747. What we said there need not be repeated here.

It is clear that the two lots which constitute the locus have been singled out of a predominantly residential area by the 1961 amendment for treatment substantially different from that of other property. The amendment is inconsistent with the definite trend toward residential construction and the concomitant abandonment of nonconforming business uses. It is incompatible with the plans for the future development of the town as reflected in the carefully considered study and revision of the zoning by-law and map in 1959. We see nothing in the record to justify a conclusion that the amendment was predicated upon a reëxamination of the zoning districts and a consequent decision that the area constituted an appropriate commercial area. See *Elmer* v. *Board of Zoning Adjustment of Boston,* 343 Mass. 24. The planning board was flatly opposed to changing the use restrictions for the locus. The amendment is violative of the requirement of uniformity and is invalid. *Gricus* v. *Superintendent & Inspector of Bldgs. of Cambridge,* 345 Mass. 687.

The order dismissing the petition is reversed. Judgment is to be entered ordering the board of selectmen and the building inspector to enforce the zoning by-law as it existed with respect to the locus prior to the amendment of March 18, 1961.

*So ordered.*