WILLIAM O'DONNELL & another *vs.* BOARD OF APPEALS OF BILLERICA.

Middlesex.    May 4, 1965. — June 9, 1965.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Building Laws.    Board of Appeals.    Administrative Matter.    Certiorari. Notice.    Mandamus.    Laches.*

Action by the board of appeals of a town on an application under its building by-law for relief from the operation of one of the provisions thereof was not governed by § 17 of the zoning enabling act, G. L. c. 40A, even if under § 14 the board served under both the building by-law and the town's zoning by-law.    [325–326]

There was no constitutional or statutory requirement that the board of appeals under the building by-law of a town give notice or afford a hearing before acting under a section of the by-law whereby an application "to be relieved from the operation of any of the provisions of" the by-law might be submitted to the board and was to be granted by the inspector of buildings "if approved" by the board.    [326–327]

Certiorari did not lie to attack administrative action by the board of appeals under a town's building by-law approving, as the board was authorized by the by-law to do, an application "to be relieved from the operation of" a provision of the by-law.    [327]

An owner of real estate abutting one of twenty-five lots on which duplex houses without cellars or crawl spaces had been authorized by action of the board of appeals of the town under its building by-law, and an owner of real estate in the town not abutting any of those lots, sustained no special injury from the board's action entitling them to a remedy to attack it directly; mandamus would be available to them to compel the enforcing officer under the by-law to act to restrain any violation thereof.    [327]

There would have been no error in the circumstances in a denial as a matter of discretion of a petition for a writ of certiorari, or a petition for a writ of mandamus against the officer having the duty to enforce the building by-law of a town, attacking action by its board of appeals under its building by-law permitting a landowner to construct twenty-five duplex homes without cellars or crawl spaces where it appeared that the petitioners had knowledge of the progress of construction of the homes and delayed unreasonably in seeking any remedy for alleged violations of the by-law until ten of the homes had been completed and occupied and fifteen were under construction.   [328]

PETITION for a writ of certiorari filed in the Superior Court on May 27, 1964.

The case was heard by *Ponte, J.*

*John E. Lecomte* for the petitioners.

*Warren W. Allgrove* for the respondent Roberts Homes, Inc.

WHITTEMORE, J.   This petition for a writ of certiorari entered May 27, 1964, was rightly dismissed.

The petitioners sought review in the Superior Court of the proceedings of the board of appeals of Billerica resulting in the board's order of March 2, 1964, permitting Roberts Homes, Incorporated, to construct certain houses without cellars notwithstanding a provision of the building by-law requiring a cellar under one third of the floor area and a crawl space at least two feet high under the remainder of the house.

One of the two petitioners owns real estate abutting one lot on which a house is being built pursuant to the board's order.   The real estate of the other petitioner in Billerica does not abut any of the twenty-five lots that are subject to the order and for which building permits have been issued.

The petitioners contend that the provisions of G. L. c. 40A, § 17, and in particular the requirement of notice, are applicable.   This section relates to zoning matters under c. 40A.   The petitioners refer to c. 40A, § 14 ("Every zoning ordinance or by-law shall provide for a board of appeals, which may be the existing board of appeals under the local building or planning ordinances or by-laws"). But even if the identity in the personnel of the board per-

mitted by this statute exists in Billerica, which does not expressly appear, appeals to the board under the building by-law are not governed by c. 40A. See *Rice* v. *Board of Appeals of Dennis,* 342 Mass. 499. Compare *Massachusetts Feather Co.* v. *Aldermen of Chelsea,* 331 Mass. 527, 529–530; *Church* v. *Building Inspector of Natick,* 343 Mass. 266, 268–269.

The petitioners contend that in any case they were entitled to notice of the application. We disagree. The building by-law prescribes minimum requirements for the prevention of fire and the preservation of life, health and morals. G. L. c. 143, §§ 3, 3I. The representative of the general public interest to determine whether proposed construction meets the minimum requirements is the officer to whom application for a permit must be made. To the extent that the building by-law provides for the participation of the board of appeals in this determination, the board becomes in turn the representative of the public interest to make the determination.

The application to the board was under Part I, § 15, of the building by-law: "Any person applying for a building permit who desires to be relieved from the operation of any of the provisions of this by-law may make application in writing to the inspector of buildings, specifying in detail what exceptions are desired and the reasons therefor. Said application with the written explanation, specifications, maps, etc., relating thereto shall be submitted by the inspector of buildings to the Board of Appeals as provided in the previous paragraph, and if approved by a majority then said application shall be granted by the Inspector of Buildings." A decision by the board under this section is not an administrative review of a decision or of any action of the inspector of buildings. No question arises whether any notice need be given in the event of such a review and we intend no suggestion.

There is no constitutional or statutory requirement for a hearing in respect of the issuance of permits under the building by-law, or in respect of an administrative decision

under the by-law that an alternative method of construction will serve the purpose of the by-law. Such decisions affect primarily internal construction rather than external appearances with less reason for advance public notice than in the case of zoning changes and certain other permits. Compare G. L. c. 40A, §§ 4, 17; G. L. c. 148, § 13; *Morrison v. Selectmen of Weymouth,* 279 Mass. 486 (notice, required by statute, of hearing on application for keeping, storage, manufacture or sale of petroleum products). We conclude that the board was not acting as a "tribunal in . . . performance of judicature" and certiorari does not lie. *Fitzgerald* v. *Mayor of Boston,* 220 Mass. 503, 506. *First Church of Christ, Scientist, in Boston, Mass.* v. *Alcoholic Beverages Control Commn. ante,* p. 273.

The petitioners show no special injury that might suggest that there should be some means for their direct attack on the proceedings that resulted in the issuance of a permit. See *Old Colony Trust Co.* v. *Merchant Enterprises, Inc.* 332 Mass. 484, 488; *Reynolds* v. *Board of Appeal of Springfield,* 335 Mass. 464, 468 ("We do not reach the point whether owners of neighboring property whose interest was to maintain zoning restrictions could be persons 'aggrieved' by a decision on a matter affecting structural safety of the subject building without a showing of possibility of increased risk to their property as through fire hazard")..

Violations of the building by-law are the direct concern of the enforcing officer or officers. See G. L. c. 143, §§ 3, 12, 33, 60; *Paquette* v. *Fall River,* 338 Mass. 368, 373–374. Mandamus proceedings are available to require them to perform their duty. *Brady* v. *Board of Appeals of Westport,* 348 Mass. 515, 519, and cases cited. *Sullivan* v. *Fall River Housing Authy.* 348 Mass. 738, 739. Compare, as to direct review of enforcing decisions by persons immediately affected, *Paquette* case, *supra.* No enforcing agent is a party to this proceeding and no enforcing order could be issued even after amendment except with a complete substitution of respondents and an opportunity for the new parties to be heard.

O'Donnell v. Board of Appeals of Billerica.

The judge in the Superior Court, having assumed the jurisdictional basis for the petition, ruled that the board had authority to grant the relief requested and that its decision was "not arbitrary, unreasonable or capricious, and would not be substantially detrimental to the public good and would not derogate from the intent and purpose of said Building Code." He also found "that Roberts Homes, Inc., undertook to construct said duplex homes in good faith in reliance upon the decision of the Board of Appeals granting the relief it had requested; . . . that no substantial injury or manifest injustice has [been] or will be done to the Petitioners under the circumstances . . . [and] that the Petitioners had knowledge of the progress of the construction of said 25 duplex homes and they delayed unreasonably in seeking any remedy for alleged violations of law, and as a result thereof ten (10) of the duplex homes have been completed and are now occupied, and 15 are in the process of being constructed and Roberts Homes, Inc., cannot now be put in status quo and the issuance of the Writ of Certiorari under these circumstances would be ruinous."

We deem it appropriate to state our view that, on this record, had there been jurisdiction, the judge's denial of the extraordinary writ on discretionary grounds would not have been erroneous. The issuance of a writ of mandamus is, of course, also discretionary.[1] *Village on the Hill, Inc.* v. *Massachusetts Turnpike Authy.* 348 Mass. 107, 119. See *Nichols* v. *Dacey,* 329 Mass. 598, 600.

*Judgment affirmed.*

---

[1] The petitioners' contention that § 15 of Part I of the by-law is invalid in that it allows variances from the express rule without adequate standards would be at issue in a mandamus proceeding. The answer would depend on whether the by-law reasonably implied adequate standards, as the judge in the Superior Court assumed. *Massachusetts Bay Transp. Authy.* v. *Boston Safe Deposit & Trust Co.* 348 Mass. 538, 544–545, and cases cited. Also at issue would be whether there was, in effect, a determination by the board that slab rather than cellar construction serves every purpose of prevention of fire and the preservation of life, health and morals that can be served by the requirement of a cellar under houses not built on slabs. Conceivably, there would also be a constitutional issue whether the provision as to cellars could be enforced if no building code purpose could be served thereby.