KATHERINE DeLOACH *vs.* PHILIP A. TRACY.

Suffolk.   February 8, 1967. — March 2, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Judicial Immunity.   False Imprisonment.   Arrest.*

The fact that a summons issued under G. L. c. 265, § 13A, upon a complaint for assault and battery was served, but not in hand, on the day following the return day would not have warranted an inference that an arrest of the defendant and bringing of her before the court on the second day following the return day had occurred in an unlawful manner. [136]

An unwarranted entry on a criminal docket that the defendant had defaulted under a summons did not show that the court lacked jurisdiction when subsequently the defendant was brought before it.   [136]

Allegations in the declaration in an action of tort against a District Court judge for ordering the plaintiff's temporary commitment to a State Hospital, which occurred in the course of a criminal proceeding against her for threatening assault and battery, showed no lack of jurisdiction in the defendant, and the principle of judicial immunity required sustaining of a demurrer to the declaration.   [136–137]

TORT.   Writ in the Superior Court dated December 27, 1965.

The action was heard by *Smith,* J., on demurrer.

*Herbert Lord* for the plaintiff.

*Samuel W. Gaffer,* Assistant Attorney General, for the defendant.

WHITTEMORE, J.   There was no error in sustaining the demurrer in this action of tort against a District Court judge for ordering, on December 9, 1965, that the plaintiff be committed temporarily to the Boston State Hospital. Such action by a judge having jurisdiction is authorized by G. L. c. 123, § 100.

The declaration, with incorporated copy of a complaint against the plaintiff for assault and battery, and indorsements thereon, shows that the plaintiff had been brought before the court on December 2, 1965, by a police officer and had pleaded not guilty and that the plaintiff, pursuant to a continuance, was in court again on December 9 at which time the judge acted on her motions, filed December 4, 1965, allowing the motion to remove a default and denying the motion to dismiss the complaint.

The other allegations of the declaration would not have shown lack of jurisdiction even if the plaintiff had not pleaded to the complaint. A summons in lieu of a warrant for arrest (see G. L. c. 265, § 13A) had been issued on November 23, 1965, returnable November 30. It is incorporated in the declaration. According to the officer's return it was served, but not in hand, on December 1, the day after its return day. The declaration avers "that the plaintiff was arrested for failing to appear on the return day of said [s]ummons." As arrest by due process under the complaint would be lawful, we may not infer that the arrest, or the bringing of the plaintiff before the court on December 2, occurred in an unlawful manner. When the default was entered does not appear. Although unwarranted, such entry would not show that the court lacked jurisdiction of the plaintiff on December 9.

Thus the declaration fails to show that the judge was acting otherwise than "in the exercise of jurisdiction vested in him by law . . . [while] considering a matter permissible for judicial inquiry." *Joyce* v. *Hickey,* 337 Mass. 118, 121–122. The principle of judicial immunity "lying at the foundation of our jurisprudence" (*Allard* v. *Estes,* 292 Mass. 187, 189) is applicable.

The plaintiff has asked us to look at photostats of the dockets in the assault case, No. 34504, and in a companion case, No. 34503, not referred to in the declaration. We have done so, and we have looked also at the original papers in each case. None of these records, of course, may now enlarge or limit the declaration or affect the ruling on the demurrer. They do, however, inform us that what hap-

pened gave no ground for any tort action against the judge.

The companion case was for threatening assault and battery. See G. L. c. 275, §§ 2–4. A summons in that case was also returnable November 30, 1965. On that date, there having been, as the docket shows, "No Service," a warrant issued under which the plaintiff was brought before the court on December 2, 1965. It was in that case, and not in No. 34504, as by necessary implication is misstated in the plaintiff's declaration, that the judge on December 9, 1965, ordered the plaintiff's commitment to the Boston State Hospital. We note the eventual disposition of each case by placing it on file.

*Order sustaining demurrer affirmed.*