George G. Iverson, Jr. *vs.* Building Inspector of Dedham.

Middlesex.   October 9, 1968. — November 7, 1968.

Present: Wilkins, C.J., Spalding, Whittemore, Kirk, & Reardon, JJ.

*Mandamus.   Building Law.*

Upon an appeal under G. L. c. 213, § 1D, from an order for judgment in a mandamus proceeding heard on a statement of agreed facts, this court decided the case on its own judgment.   [689]

Mandamus did not lie to compel the building inspector of a town to issue building permits to the petitioner where, following a statement to him by the inspector that it would be useless to file applications for the permits, he never filed applications "on proper blanks . . . furnished by the" inspector as required by the town's building code and so failed to initiate his administrative remedy, and it did not appear that he asked for and was refused application blanks.   [690–691]

Petition for a writ of mandamus filed in the Superior Court on October 2, 1967.

The case was heard by *Vallely,* J.

*Eugene L. Tougas* for the petitioner.

*Alfred L. Podolski,* Town Counsel, for the respondent.

---

KIRK, J.  The petitioner Iverson seeks a writ of mandamus requiring the building inspector of Dedham to issue building permits to construct "row houses" on his property.[1] The case was heard in the Superior Court on a statement of agreed facts which incorporated certain exhibits. Iverson appeals from an order for judgment dismissing the petition.

Mandamus proceedings are reviewable according to the principles of review in equity.  G. L. c. 213, § 1D.  *Chartrand* v. *Registrar of Motor Vehicles*, 347 Mass. 470, 473. Since we have before us all that was before the trial judge, we decide the case on our own judgment.  *Rogers* v. *Attorney Gen.* 347 Mass. 126, 130; *Nasis* v. *American Motorists Ins. Co.* 353 Mass. 219, 221, and cases cited.

We summarize the agreed facts: Iverson is the owner of record of certain lots in Dedham which has adopted the Subdivision Control Law.  G. L. c. 41, §§ 81K to 81GG. On February 3, 1964, Iverson submitted a definitive subdivision plan to the Dedham planning board.  Notice of the submission was received by the town clerk on February 4, 1964.  On May 26, 1964, the originals of two certificates executed by the town clerk stating that approval of the subdivision plan had become final under G. L. c. 41, § 81U, as amended through 1963, and § 81V, were recorded in the registry of deeds.  See *Selectmen of Pembroke* v. *R. & P. Realty Corp.* 348 Mass. 120, 126–127.  Thereafter Iverson decided to make certain alterations in his plans and had conversations with the building inspector relative to the changes.  In August, 1967, Iverson and his attorney met with the building inspector.  Believing that he was entitled to go ahead without further approval by the planning board of his plan, as amended, Iverson sought building permits. The building inspector was familiar with the contents of Iverson's amended plans.  He told Iverson that it would be useless to file applications for the permits as the planning

---

[1] The agreed facts describe the row houses as "consisting of four and six single-family dwelling units not more than two rooms deep, separated by party walls or otherwise so designed that individual dwelling units might be sold to separate owners . . . ."

board had told him not to issue the permits desired by Iverson. Iverson never filed formal, written applications for the desired permits.[2]

On October 2, 1967, Iverson sought mandamus in the Superior Court to compel the inspector to issue the permits. The inspector contests the petition on two grounds: (1) mandamus is not available as a remedy because Iverson failed to exhaust his right of appeal to the board of appeals; (2) Iverson was not entitled to building permits because his plan did not comply with the zoning by-law of Dedham. We decide the case adversely to Iverson on the first issue and do not discuss the second.

Mandamus will not be granted unless the petitioner has no available administrative remedy. *Church* v. *Building Inspector of Natick*, 343 Mass. 266, 268. See *Massachusetts Feather Co.* v. *Aldermen of Chelsea*, 331 Mass. 527, 530. In Dedham the building inspector "administers . . . all by-laws . . . having to do with the issuance of permits for the construction of buildings." The board of appeals in Dedham under the zoning by-law is the same board of appeals established by the building code. Under G. L. c. 40A, § 13, "[a]n appeal to the board of appeals . . . may be taken by any person aggrieved by reason of his inability to obtain a permit from any administrative official under the provisions of this chapter . . . ." The building code provides that a person "who is aggrieved by any . . . refusal of a permit by the Inspector . . . may appeal therefrom" to the board of appeals. Iverson's contention that he was without an available administrative remedy is not meritorious.

The agreed facts show that Iverson did not submit the applications "on proper blanks to be furnished by the Inspector" as required by the Dedham building code. The

---

[2] Stipulations in the statement of agreed facts that a particular witness would testify to a particular fact are not accepted as establishing the truth of that fact unless the witness is a party and the statement is in the nature of a binding admission by the party. Thus we are unable to accept as fact the stipulation of what Iverson or his attorney would testify relative to statements allegedly made by the inspector. We accept the stipulation of what the inspector would testify, as far as his statements are in the nature of admissions.

inspector's statement that it would be futile to file applications does not warrant Iverson's conclusion that he was deprived of his administrative remedy. The record does not establish that he asked for application blanks. It does not establish that he was refused application blanks. Upon a request for an application blank for a building permit it is the inspector's duty to furnish the form. Upon presentation of the application properly executed it is the inspector's duty to accept it. On this record it appears that Iverson chose not to take the initial step essential to get permits through local administrative channels. The result is that he has ignored the administrative remedy which would be available to him. He cannot, by petition for an extraordinary writ, bypass the local authorities and gain direct access to and relief from the courts, whose task is to review the action of the local authorities.

Iverson's reliance on *Bowes* v. *Inspector of Bldgs. of Brockton*, 347 Mass. 295, 296, and cases cited, is misplaced. The rationale underlying the proposition that mandamus may be a proper remedy in enforcement proceedings is fully explored in *Brady* v. *Board of Appeals of Westport*, 348 Mass. 515, 517–521, and need not be repeated. The present case is not a proceeding for the enforcement of the zoning by-law against another person.

The absence of a formal record does not, per se, as Iverson contends, show the nonexistence of an administrative remedy. Rather, the absence of a formal record shows Iverson's failure to file proper applications for permits.

*Order for judgment affirmed.*