LOUIS G. OUELLETTE, trustee *vs.* BUILDING INSPECTOR
OF QUINCY & another.

Norfolk.   May 1, 1972. – June 29, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, &
HENNESSEY, JJ.

*Zoning,* Board of appeals: appeal to board; Issuance of permit.   *Mandamus. Permit.*

Where the building inspector of a city acted outside the authority
conferred on him by G. L. c. 40A, § 12, in acceding to instructions
by the city council not to issue a building permit for construction
of an apartment building pending action by the council on a pro-
posed amendment of the city's zoning ordinance barring the apart-
ment building, an appeal to the zoning board of appeals by the
landowner did not lie under G. L. c. 40A, § 13, and a mandamus
proceeding against the building inspector was the appropriate
means of redress for the landowner. [275–278]

Assuming that an amendment of a city's zoning ordinance was
adopted by the council some thirteen months after notice of public
hearing on the proposed amendment was first given, where it
appeared that in the interval a landowner applied for a building
permit for a building which was lawful under the existing zoning
ordinance but would not be under the proposed amendment
thereof, the application was refused by the building inspector, and
the landowner brought a mandamus proceeding to compel issuance
of the permit, it could not be said that within G. L. c. 40A, § 11,
"the subsequent steps [after such notice] required for the adoption
of such . . . amendment . . . [were] taken . . . without unneces-
sary or unreasonable delay" and it was held that the adoption
of the amendment did not, under § 12, bar issuance of the building
permit and that the landowner was entitled to the writ of man-
damus. [278–280]

PETITION for a writ of mandamus filed in the Superior
Court on December 14, 1970.

The case was heard by *Dimond,* J.

*William J. Cantelmo* for the intervener, Lawrence
Howe.

*Max L. Rubin* (*William J. Brown* with him) for the
petitioner.

TAURO, C.J.   The petitioner as trustee of the Josden
Realty Trust seeks a writ of mandamus requiring the

respondent building inspector to issue a building permit for the construction of a fifty-three unit apartment building on certain property owned by the trust in the city of Quincy. The owner of an abutting property intervened in the Superior Court and demurred to the amended petition. The case is before us on the intervener's claim of appeal under G. L. c. 213, § 1D, as amended through St. 1957, c. 155, from an order overruling his demurrer and from an order for judgment directing that a writ of mandamus be issued to the respondent building inspector.[1]

Mandamus proceedings are reviewable according to the principles of review in equity. *Chartrand* v. *Registrar of Motor Vehicles,* 347 Mass. 470, 473. *Iverson* v. *Building Inspector of Dedham,* 354 Mass. 688, 689. The trial judge made no findings. We have before us the pleadings, various exhibits, and a condensed transcript of the testimony given in the Superior Court. Under G. L. c. 213, § 1D, all questions of fact, law, and discretion which were open before the trial judge are open to us on appeal. *Mitchell* v. *Selectmen of So. Hadley,* 346 Mass. 158, 159. *Cullen* v. *Building Inspector of No. Attleborough,* 353 Mass. 671, 678.

1. In considering the intervener's appeal from the order overruling his demurrer, we are limited to the facts set forth in the amended petition and in the exhibits appended thereto.[2] See *DeLoach* v. *Tracy,* 352

---

[1] An appeal was also claimed from the overruling of a plea in abatement, also filed by the intervener; however, since he has not argued this appeal, it is deemed to have been waived. See *Angelico* v. *Commissioner of Ins.* 357 Mass. 407, 408, n. 2; *Gordon* v. *Hardware Mut. Cas. Co.* 361 Mass. 582, 583.

[2] These consist of: A. an application for a building permit filed by the petitioner with the respondent building inspector of Quincy on September 25, 1967; B. a decision of the board of appeals of Quincy, dated May 21, 1968, relative to the petitioner's application (exhibit A); C. a (further) decision of the board of appeals of Quincy, dated February 6, 1970, relative to the petitioner's application (exhibit A); D. a letter from the respondent building inspector to the petitioner, dated December 10, 1970 (relative to exhibit E), with enclosure consisting of a resolve of the city council of Quincy, dated December 3, 1970; E. an application for a building permit filed by the petitioner with the respondent building inspector on December 8, 1970.

Mass. 135, 136. "For the purposes of this discussion the facts well pleaded . . . must be assumed to be true." *Butler* v. *Directors of the Port of Boston,* 222 Mass. 5, 7.

The pertinent facts alleged are as follows. On September 25, 1967, the petitioner filed an application for a building permit, together with plans and specifications, for the construction of a fifty-three unit apartment building on his land. The proposed plans and specifications complied in every respect with Quincy's building code, and the proposed use of the land was lawful under the city's zoning ordinance. While the petitioner's application was pending, however, the city council on January 22, 1968, adopted a zoning ordinance amendment which rezoned the district including the petitioner's land and made apartment buildings a prohibited use. Subsequently, the respondent building inspector denied the petitioner's application on the basis of the amended zoning ordinance. The petitioner duly filed an appeal pursuant to G. L. c. 40A, § 13, with the board of appeals which stated in a decision dated May 22, 1968, that "it . . . [had] no power to decide the validity or invalidity of . . . [a] [z]oning [o]rdinance or amendments thereto."

More than two and a half years after the board's action, this court on December 7, 1970, affirmed a Land Court decision which invalidated the 1968 zoning amendment for failure to comply with the statutory procedures for adoption (G. L. c. 40A, § 7).[3] See *Trumper*

---

[3] From the amended petition and appended exhibits, it appears further that the petitioner took an appeal to the Superior Court from the board of appeals' decision on his first application. G. L. c. 40A, § 21. While this proceeding was still pending, the Land Court in July, 1969, rendered its decision in *Trumper* v. *Quincy,* declaring the 1968 zoning amendment invalid, and the respondent building inspector thereupon issued the petitioner a building permit as requested in his first application. An appeal was duly taken by one Stephen P. Scheele to the board of appeals which, on February 6, 1970, reversed the action of the building inspector on the ground that "this case is before the . . . Superior Court."

The amended petition contains no indication of the result of the petitioner's appeal to the Superior Court from the denial of his first application. The intervener pleaded in abatement that a final decree remanding the case to the board of appeals was entered on December 21, 1970. However, the intervener's appeal from the overruling of his plea in abatement has been deemed waived. See footnote 1, *supra.*

v. *Quincy*, 358 Mass. 311.  Immediately thereafter, on December 8, 1970, the petitioner filed a second application which was substantially the same as his first application.  The building inspector responded in a letter dated December 10, 1970, as follows: "Because of . . . [the enclosed] Resolve [of the city council], I can not issue . . . you . . . [the building] permit [which you have requested]."  The enclosed resolve provided: "[T]he City Council of . . . Quincy instruct[s] the Building Inspector . . . not to issue a building permit to Josden Realty Trust—Ouellette, Trustee . . . until the . . . Council has acted on the proposed new [z]oning [o]rdinance."  Notice of the proposed ordinance amendment referred to in the resolve was published in February, 1970, but the city council had not adopted the measure by the time the amended petition for a writ of mandamus was filed in January, 1971.  The measure, if validly adopted, would reinstate the zoning change invalidated by the *Trumper* decision and would make apartment buildings a prohibited use in the district in which the petitioner's land is situated.

The intervener argues that his demurrer to the amended petition should have been sustained on the ground [4] that mandamus does not lie because the petitioner has an adequate administrative remedy in G. L. c. 40A, § 13, as amended through St. 1963, c. 207, § 1. The petitioner maintains, to the contrary, that the statutory appeal is unavailable.  In the circumstances of this case, we agree with the petitioner that mandamus is the proper remedy.

The pertinent statutory language provides: "An appeal to the board of appeals . . . may be taken by any person aggrieved by reason of his inability to obtain a permit from any administrative official under the·pro-

---

[4] The intervener's demurrer raised other grounds with respect to the sufficiency of the amended petition, but the intervener has not argued them before this court and they are therefore deemed waived. See authorities cited in footnote 1, *supra.*

visions of this chapter." G. L. c. 40A, §13, as amended.[5]

While "[c]ourts must be careful not to invade the province of an administrative board" (*St. Luke's Hosp.* v. *Labor Relations Commn.* 320 Mass. 467, 470; *Electronics Corp. of America* v. *City Council of Cambridge,* 348 Mass. 563, 568), we are of opinion that, in the instant case, the statute confers no jurisdiction upon the board of appeals. As we construe G. L. c. 40A, § 13, as amended, appeals to the board by aggrieved applicants for building permits are limited to instances where the building inspector has refused a permit "under the provisions of . . . chapter [40A]" [6] (*Rice* v. *Board of Appeals of Dennis,* 342 Mass. 499, 501). See *P & D Serv. Co. Inc.* v. *Zoning Bd. of Appeals of Dedham,* 359 Mass. 96, 104. Chapter 40A, § 12, provides only one ground for refusal: "The inspector of buildings . . . shall withhold a permit . . . if the building . . . as constructed . . . would be in violation of any zoning ordinance or by-law or amendment thereof." Cf. G. L. c. 143, § 3, third paragraph. In the instant case, however, the respondent building inspector has refused the petitioner a permit not on the basis of noncompliance with zoning requirements but rather on account of improper interference with his duties by other municipal officials.

The intervener has not brought to our attention any statute or ordinance which enlarges the jurisdiction of the board of appeals to encompass matters in addition to those conferred by G. L. c. 40A, § 13. See Hardy, Municipal Law & Practice (2d ed.) § 168 at 188–189. Compare *C. & H. Co.* v. *Building Commr. of Medford,* 303 Mass. 499, 500–501; *Rice* v. *Board of Appeals of*

---

[5] Subsequent review would be pursuant to G. L. c. 40A, § 21, as amended through St. 1970, c. 80: "[A]ny person aggrieved by the decision of the board of appeals . . . may appeal to the superior court . . . by filing a bill in equity within twenty days after the decision has been filed in the office of the city . . . clerk."

[6] General Laws c. 40A, § 15, as amended through St. 1958, c. 381, does not enlarge upon the jurisdiction of the board of appeals with respect to building permits. It provides in pertinent part: "A board of appeals shall have the following powers: 1. To hear and decide appeals taken as provided in section thirteen." See *Bearce* v. *Zoning Bd. of Appeals of Brockton,* 351 Mass. 316, 319–320.

*Dennis, supra,* at 500–501. In the absence of such legislation, the futility of an appeal to the board is apparent. It would be unreasonable, therefore, to compel the petitioner to pursue an appeal to the board as a prerequisite to judicial relief. In *Boston Edison Co.* v. *Selectmen of Concord,* 355 Mass. 79, 84, in analogous circumstances, we said: "[W]here an administrative agency cannot afford relief resort to the agency is not required." See *St. Luke's Hosp.* v. *Labor Relations Commn.* 320 Mass. 467, 470; *Metropolitan Dist. Police Relief Assn. Inc.* v. *Commissioner of Ins.* 347 Mass. 686, 689; *Bearce* v. *Zoning Bd. of Appeals of Brockton,* 351 Mass. 316, 319–320.[7] Cf. *Bowes* v. *Inspector of Bldgs. of Brockton,* 347 Mass. 295, 296, and cases cited.

We hold that, where, as here, a building inspector acts outside the scope of his authority conferred by G. L. c. 40A, § 12, the appropriate means of redress in the absence of an adequate administrative remedy is through a petition for a writ of mandamus.[8] Mandamus, of course, will not be granted if the reason given for re-

---

[7] See also 2 Am. Jur. 2d, Administrative Law, § 605. See generally Davis, Administrative Law Treatise, § 20.09 (1958 ed. and 1970 Supp.); Anderson, American Law of Zoning, § 22.10.

[8] As was stated in *O'Donnell* v. *Board of Appeals of Billerica,* 349 Mass. 324, 327, certiorari would not lie (despite dictum to the contrary in *Rice* v. *Board of Appeals of Dennis,* 342 Mass. 499, 502). While it is true that mandamus is usually reserved for instances of administrative inaction and certiorari lies whenever action has been taken (*Reading* v. *Attorney Gen., ante,* 266, 268–269, n. 3), mandamus appears to have supplanted the traditional function of certiorari in the area of building code and zoning law enforcement. See *Atherton* v. *Selectmen of Bourne,* 337 Mass. 205, 257, and cases cited.

Since 1958, building inspectors have been required to issue a "decision" setting forth "in detail all . . . reasons for . . . refusal" when a permit for original construction is refused for a residential building with accommodations for more than four families. See St. 1958, c. 515, amending G. L. c. 143, § 3. The older view has persisted, however, that a refusal to issue a building permit is in the nature of inaction and, hence, is properly reviewable by mandamus in the absence of remedy at law or in equity. Because of the long history of exclusive reliance on mandamus in this area, we see no reason to alter our practice, even though St. 1958, c. 515, clearly indicates that refusal to issue a building permit is an action, quasi-judicial in nature, which otherwise would be reviewable by certiorari in the absence of another remedy. To alter our practice now would seem unnecessarily to introduce intricacies into the law. Cf. *Reading* v. *Attorney Gen., ante,* 266, 268–269, n. 3.

fusing a building permit comes within G. L. c. 40A, § 12 (see *Church* v. *Building Inspector of Natick*, 343 Mass. 266, 268), or if there is an adequate administrative remedy provided in law (see *Iverson* v. *Building Inspector of Dedham*, 354 Mass. 688, 690–691).

2. We come to the intervener's appeal from the order for judgment directing the issuance of a writ of mandamus.

The intervener concedes that the resolve purporting to instruct the respondent building inspector has "no validity." The law is clear on this matter. See *Fellsway Realty Corp.* v. *Building Commr. of Medford*, 332 Mass. 471, 472–473.[9] The intervener contends, however, that, although the city council acted improperly in giving directions to the building inspector, the action of the building inspector in refusing to issue a permit should be affirmed on the basis of our decision in *Doliner* v. *Planning Bd. of Millis*, 343 Mass. 1, 5–8. We disagree. The rationale of the *Doliner* case has no application here.

In the *Doliner* case, this court held that, under statutes then in effect, a planning board could properly disapprove a subdivision plan as inconsistent with a newly adopted zoning amendment even before it was approved by the Attorney General under G. L. c. 40, § 32.[10] In reaching this result, we gave dispositive weight to G. L. c. 40A, § 11, which provides in pertinent part: "The issuance of a [building] permit or the beginning of work

---

[9] In the *Fellsway Realty* case, "[t]he building commissioner would have issued . . . [certain building] permits but for the instruction of the city manager . . . to hold the matter in abeyance." We indicated that the petitioner was "entitled . . . to an order commanding the building commissioner to grant the permits." At 472. Pertinent to the instant case is our statement (at 472–473): "Whatever power, if any, the city manager had with reference to the granting of permits, he had no authority to induce the building commissioner to refuse to act upon the petitioner's applications." The same applies with equal force to the city council involved in the instant case.

[10] The approval of the Attorney General may be either actual or constructive. Since the amendment of G. L. c. 40, § 32, by St. 1952, c. 337, if ninety days elapse without any action by the Attorney General, "it shall be presumed that the proof [of proper adoption] submitted was adequate," and the by-law amendment will take effect as if approved by the Attorney General. See *Concord* v. *Attorney Gen.* 336 Mass. 17, 23.

[thereunder] . . . , after . . . notice [of hearing on a pro-
posed zoning amendment] has been given . . . , shall not
justify the violation of a zoning . . . amendment sub-
sequently adopted as the outcome of such hearing and in
substantial accord with such notice . . . ; provided, [that]
the subsequent steps required for . . . adoption . . . are
taken in their usual sequence without unnecessary or un-
reasonable delay." We said (at page 7 of the *Doliner*
case) : "[H]aving in mind c. 40A, § 11, the Legislature
can hardly have intended that a planning board must
disregard the terms of a zoning by-law, already adopted
by the town even if not yet approved by the Attorney
General, when called upon to consider a subdivision plan
violating that by-law. . . . If the planning board were
to approve such a plan, its action would be an empty
gesture . . . ."

There is a distinction between a proposed zoning
amendment, such as is involved in the instant case, and an
amendment which has been adopted but has not yet been
approved and published, such as was involved in the
*Doliner* case. While a proposed zoning amendment may
undergo substantial changes or may be abandoned en-
tirely, once the town has adopted an amendment, it will
generally receive the Attorney General's approval (either
actual or constructive) and, after appropriate publica-
tion, will take effect.[11] See G. L. c. 40, § 32. Because of
this fundamental difference, while a building inspector
may refuse to issue a permit because of a newly adopted
zoning amendment, we are unwilling to say that he may
refuse to issue a permit merely because of a proposed
zoning amendment.[12] In any event, under G. L. c. 40A,
§ 12, a building inspector is empowered to "withhold a

---

[11] A publication requirement also exists for ordinances. G. L. c. 40,
§ 32A. There is no requirement in the General Laws, however, that
the Attorney General must approve an ordinance before it may take
effect. Hardy, Municipal Law & Practice (2d ed.) § 166. The precise
requirements governing legislation by cities will depend on the charter
of each city.

[12] There is another consideration as well. Even if a proposed zoning
amendment is adopted without substantial change, the amendment
will still not affect building permits previously issued if there was

permit" only "if the [proposed] building . . . as constructed . . . would be in violation of *any zoning ordinance or by-law or amendment therof*" (emphasis supplied). While the emphasized language is sufficiently broad to encompass an amendment which has been adopted but is not yet effective, we think that a fair construction must exclude a mere proposed zoning amendment.

Furthermore, there is nothing in the record to show that the proposed zoning amendment was ever adopted. Even if, however, it was adopted in March, 1971, as the intervener asserts in his brief, and even if notice of the initial public hearing thereon was given in February, 1970, it cannot be said that "the subsequent steps required for the adoption of . . . [the] amendment . . . [were] taken . . . without unnecessary or unreasonable delay" (see G. L. c. 40A, § 11). Adoption, therefore, would not bar the issuance of the building permit.

For these reasons, we conclude that the petitioner is entitled to a building permit and that the judge properly entered the order for judgment in his behalf.

*Order overruling demurrer affirmed.*
*Order for judgment affirmed.*

---

"unnecessary or unreasonable delay" in the adoption. G. L. c. 40A, § 11. Thus, until an amendment is actually adopted, it is impossible to anticipate whether the amendment will have retroactive effect.