Curran, Dennis J., J.
Van Wagner Boston, LLC seeks judicial review of the Ciiy of Boston Zoning Board of Appeal’s decision to deny it a permit to erect a billboard. Before the Court are the parties’ cross motions for partial summary judgment.[1]
For the following reasons, Van Wagner Boston, LLC’s motion is ALLOWED and the Board of Appeal’s motion is DENIED.
BACKGROUND
The following material facts are undisputed.
On August 7, 2012, Van Wagner Boston, LLC applied for a building permit from the Boston Zoning Commission to erect a new billboard in South Boston. When it applied for the permit, the proposed site was zoned as a manufacturing district; Article 11, Section 6 of the Boston Zoning Code stated that billboards were “an allowed as-of-right use” of property in a manufacturing district. On either August 10 or 15, the Boston Zoning Commission received notice of (“noticed”) a hearing scheduled for September 12, 2012 to consider amending Article 11, Section 6, which would — inter alia — make billboards a conditional use rather than “an as-of-right” use. The September 12, 2012 hearing was canceled.
The day before that originally scheduled hearing date, however (i.e., September 11, 2012), the In-specüonal Services Department denied Van Wagner’s permit application under Article 11, Section 6, stating that the proposed billboard was a conditional use requiring relief from the Board of Appeal. On September 20,2012, the Zoning Commission noticed a second hearing on the proposed zoning amendment, this time for October 10. Once again, the meeting was canceled. On October 26, 2012, Van Wagner appealed to the Board of Appeal and requested it find that either the Inspectional Services Department improperly denied its original permit request or that Van Wagner was entitled to a conditional-use permit. On November 20, 2012, the Zoning Commission noticed a third hearing for the proposed zoning amendment for December 12. The December meeting was actually held and, on that date, the Zoning Commission amended Article 11, Section 6. On March 12, 2013, the Board of Appeal found that the Department properly denied Van Wagner’s application and that, in any event, Van Wagner now did not meet the statutory requirements for a conditional-use permit
DISCUSSION
The Supreme Judicial Court has held that “a building inspector is empowered to ‘withhold a permit’ only ‘if the [proposed] building ... as constructed . . . would be in violation of any zoning ordinance or by-law or amendment thereof.’ ” Ouellette v. Building Inspector of Quincy, 362 Mass. 272, 279-80 (1972). The Court distinguished between an adopted amendment not yet approved and a proposed amendment: a building inspector may base a permit denial on the former, but not the latter. Id. at 279. A corollary to this rule is found in the Zoning Code’s Enabling Act. See generally Ch. 665 of the Acts of 1956. The Enabling Act provides *553 that a zoning amendment will apply retroactively to any permits not yet granted by the notice date for the hearing date on the amendment, so long as the amendment was adopted as the outcome of that hearing and without unreasonable or unnecessary delay. See id., §5.
It is undisputed that when Van Wagner applied, it had an absolute right to a permit under the then-existing zoning code. When a permit applicant demonstrates an entitlement to a building permit, “the issuance of a permit is a matter of duty, not discretion.” Framingham Clinic, Inc. v. Zoning Bd. of Appeals, 382 Mass. 283, 297 (1981). The Inspectional Services Department should have issued a permit immediately — when Van Wagner applied for the permit, August 7 — which would have rendered the Enabling Act’s retroactivity inapplicable because the permit would have issued before the first noticed hearing date on the amendment — August 10 or 15. Therefore, the Department had no substantive basis on which to deny Van Wagner’s permit.
Even if the failure to immediately issue an as-of-right permit is excusable, the Boston Zoning Commission still inappropriately denied the permit request on September 11. The Court has made clear that a building inspector may not deny a permit based solely on a proposed amendment. Oullette, 362 Mass. at 279. Therefore, a proposed amendment is simply not a factor the Inspectional Services Department should have considered when deciding whether to issue a permit to Van Wagner. A proposed amendment only becomes relevant if it is adopted at the noticed hearing. Had the Inspectional Services Department granted the permit on September 11 and the Zoning Commission adopted the amendment at its first noticed hearing on September 12, then the amendment would apply retroactively and Van Wagner may, unfortunately, have been stripped of its permit. But the Zoning Commission did not adopt the amendment, or even hold the hearing until December. The Enabling Act allows retroactive application of an amendment “subsequently adopted as the outcome of such hearing” properly noticed. Ch. 665 of the Acts of 1956 §5. The Enabling Act requires all notices to state when the hearing will take place. Id., §3. The hearing was ultimately held in December, the only notice for which was that dated November 12, 2012. While the hearings all had the same subject matter — the proposed amendment to Article 11, Section 6 — the ability for retroactivity died with each cancelled hearing date because each subsequent hearing was independent of the original noticed date of August 10 or 15. Thus, the August notice was separate from the December hearing, and so the amendment adopted at the December hearing does not retroactively apply to Van Wagner.[2]
Finally, although the Board of Appeal is correct that it has wide discretion to deny conditional-use permits, it nonetheless rendered an inadequate decision. Its entirety is based on finding that it was not convinced Van Wagner was entitled to a permit. The Appeals Court has previously held that a nearly identical, cursory — indeed, in this Court’s opinion, cavalierly— written decision was inadequate because it “provides no indication as to why [the applicant’s] application is deficient . . . gives no direction as to the manner in which compliance with the various standards can be achieved,” and “fails to reflect that the appropriate standards were considered in making its decision.” KCI Mgmt. v. Board of Appeal, 54 Mass.App.Ct. 254, 264 (2002). The inadequacy of the Board of Appeal’s decision, even if issued properly, would warrant remand.
Legal scholars have long said that without properly rights, there can be no human rights.[3] Before us is a classic example of the arbitrary, heavy-handed exercise of raw government power to deny an owner’s right to use its properly to the full extent permitted by law.[4] Surely, this is hardly what the Founding Fathers— some of whom lived in the very shadow of today’s Boston City Hall — had in mind.
Although the Court traditionally gives substantial deference to the Board of Appeal’s interpretation of its own bylaws and ordinances, see Wendy’s Old Fashioned Hamburgers of New York, Inc. v. Board of Appeal of Billerica, 454 Mass. 374, 281 (2009), it must step in and shield the public from a decision that rests “on legally untenable grounds, or is unreasonable, whimsical, capricious, or arbitrary.” Roberts v. Southwestern Bell Mobile Sys., 429 Mass. 478, 486 (1999), quoting MacGibbon v. Board of Appeals of Duxbury, 356 Mass. 635, 639 (1970).
This is just such a case.
ORDER
For these reasons, Van Wagner’s motion for summary judgment is ALLOWED, and the Boston Board of Appeal and City of Boston’s cross motion for summary judgment is DENIED.
Judgment shall enter forthwith for the plaintiff, Van Wagner Boston, LLC. The matter is remanded to the Boston Board of Appeal, which is ordered to allow Van Wagner’s permit application.

 The Court adopts the parties’ motion titles, but notes that this decision will be dispositive on the entire case because the defendants in their memorandum of law concede the issue of jurisdiction.

 National Amusements, Inc. v. Commissioner of Inspectional Services Dep't. 26 Mass.App.Ct 80 (1988), does not suggest otherwise. In that case, ahearing was noticed, tookplace, was continued for further hearing, and ultimately ended in a final decision nine months after the initial notice date. Id. at 82. The Appeals Court held that such a delay between notice date and final decision was not unreasonable under the circumstances and allowed retroactive application of an amendment. Id. at 86-88. This case is not about the reasonableness of the length of time the Zoning Commission took to decide an issue after a hearing, but rather the legal significance of notices for hearings that never took place at all. Even *554 so, the hearing remained alive because the first hearing was continued as opposed to being arbitrarily cancelled.

 Professor Harvey E. Bines, University of Virginia School of Law. (1975.)

 This is especially troublesome where it has been done by adding qualifying criteria without reasonable notice and an opportunity to comment — and even more disturbingly, effectuated retroactively.