*Decree affirmed with costs.*

THE C. & H. CO. *vs.* BUILDING COMMISSIONER OF THE CITY OF MEDFORD & others.

Middlesex. November 7, 1938. — July 7, 1939.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Mandamus.*

A petition for a writ of mandamus to require the granting of a permit to erect a building could not be maintained while there still was pending an appeal by the petitioner from the refusal of the permit to a board constituted by an ordinance to hear such an appeal.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on February 18, 1938, for a writ of mandamus.

The case was reported by *Donahue, J.*

*S. R. Wrightington*, for the petitioner.

*G. E. Constantino*, for the respondents, submitted a brief.

LUMMUS, J. This is a petition by a landowner for a writ of mandamus to require the respondent board of aldermen of Medford to approve its application for a permit to build on its land a building to be used as a retail market to serve the motoring public, and not to change the zoning classification of the land from a heavy industrial area to a general residence area in which building for business purposes would be forbidden; and to require the respondent building commissioner to grant a permit so to build.

No contention was or is made by the respondents that the proposed building would violate any existing law, ordinance or regulation. The board of aldermen, to which the application was referred by the building commissioner, declined to approve it and denied it. The building commissioner exercised no independent judgment, but "in accordance with this decision" of the board of aldermen informed the petitioner that its application for a permit to build "is hereby refused."

The single justice found that the facts were as stated in the report of an auditor, and reported the case without decision. The writer of this opinion would be willing to decide the merits of the controversy upon the facts reported, but a majority of the court think that the general rule ought to be applied that mandamus cannot be invoked while another remedy exists. *Bellevue Hotel Co.* v. *Building Commissioner of Boston*, 299 Mass. 73. *Godfrey* v. *Building Commissioner of Boston*, 263 Mass. 589, 593. *Bancroft* v. *Building Commissioner of Boston*, 257 Mass. 82, 86. *McLaughlin* v. *Mayor of Cambridge*, 253 Mass. 193, 199.

The record before us does not show the authority under which the city enacted the building ordinance in question, but we suppose it was G. L. (Ter. Ed.) c. 143, § 3, author-

izing ordinances and by-laws regulating the "inspection, materials, construction, alteration, repair, height, area, location and use of buildings and other structures." The ordinance required "every person intending to erect any building" to apply to the building commissioner for a permit to erect it. If the building "is intended to be used for a mercantile or business purpose," the application "may, if deemed advisable by the commissioner, be referred to the board of aldermen for approval, before being granted." A further provision created a board of appeal, and declared: "An applicant for a permit hereunder whose application has been refused, may appeal therefrom within thirty days to said Board." Although the practical construction of this provision has been to limit the right of appeal to decisions of the building commissioner made without reference to the board of aldermen, we are unable to see from the fragments of the ordinance put before us why the right of appeal should be so limited. The petitioner took the precaution of appealing to the board of appeal. It must pursue that remedy before coming to this court upon a petition for a writ of mandamus.

*Petition dismissed.*