DAVID P. SHARPE, executor, *vs.* METROPOLITAN TRANSIT AUTHORITY
(and a companion case[1]).

Suffolk.    February 5, 1951. — March 7, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Practice, Civil*, Amendment.

In an action for personal injuries sustained in 1947, originally commenced by the injured person and after his death prosecuted by his executor, a motion by the executor to amend the declaration by adding a count for the injured person's death as a result of the same injuries was properly denied as a matter of law under G. L. (Ter. Ed.) c. 231, §§ 51, 138; c. 229, § 6, as appearing in St. 1947, c. 506, § 2.

---

[1] The companion case is that of the same plaintiff against Robert J. Jones.

Two ACTIONS OF TORT.  Writs in the Superior Court dated October 16, 1947.

Motions to amend the declarations were heard by *Swift*, J.

*P. Sherman*, for the plaintiff, submitted a brief.

*P. J. Dolan*, for the defendants.

QUA, C.J.  On September 17, 1947, the plaintiff's testator, John Chauncey, was in contact with a motor vehicle of the defendant Metropolitan Transit Authority, operated by the defendant Jones.  Chauncey in his lifetime brought these actions for personal injuries and medical expenses by writs dated October 16, 1947.  On October 5, 1949, two years and eighteen days after his injury, Chauncey died.  On December 22, 1949, the present plaintiff, as Chauncey's executor, was admitted to prosecute the actions.  On June 28, 1950, the plaintiff moved to amend the original declaration in each action by adding thereto a count for Chauncey's death, alleging that death resulted from the injuries sustained September 17, 1947.

The judge ruled as matter of law that the motions could not be allowed, denied them, and reported his action in so doing.

We do not see how the motions could have been allowed. Any causes of action for the death of Chauncey were governed by G. L. (Ter. Ed.) c. 229, §§ 2 and 6, as appearing in St. 1947, c. 506, §§ 1A and 2, which were in force at the time of the injury and which by reason of St. 1949, c. 427, § 11, continued to apply to death resulting from injuries occurring before January 1, 1950, notwithstanding the extensive changes in the death statutes brought about by the 1949 act.  Section 6 as appearing in § 2 of the 1947 act contains this provision, upon which the plaintiff relies, "In any action to recover damages for an injury resulting in death, damages for such death may be recovered under a separate count in the same manner as in the case of a separate action under section two or five A and subject to all provisions of law otherwise applicable to such action." [1]  This section

---

[1] This sentence does not appear in the latest revision of § 6 found in St. 1949, c. 427, § 5, which, however, does not apply to these cases.

created the possibility of joining in a proper case a count for death with a previously existing count for conscious suffering (a possibility which would not otherwise exist, *Brennan* v. *Standard Oil Co. of New York*, 187 Mass. 376, 377; *Mc-Carthy* v. *William H. Wood Lumber Co.* 219 Mass. 566, 569; *Beauvais* v. *Springfield Institution for Savings*, 303 Mass. 136, 146), but it did not do away with the necessity of an amendment adding the count for death, and it did not override the statutes governing amendments. See *Guarino* v. *Russo*, 215 Mass. 83; *MacCormac* v. *Hannan*, 248 Mass. 86.

The pertinent statute relative to amendments is G. L. (Ter. Ed.) c. 231, § 51. So far as here applicable that statute provides that the court may "allow amendments introducing a necessary party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought . . .." The proposed amendments would not have introduced a necessary party or discontinued as to a party. Neither would they have changed the form of the actions. The form of the actions for personal injury would have remained as before. New and different causes of action would have been added without otherwise changing the form of anything. It follows that if the proposed amendments were allowable at all they must have been allowable to "enable the plaintiff to sustain the action for the cause for which it was intended to be brought." But when Chauncey in his lifetime brought actions to recover for his personal injuries he could not possibly have intended to bring them to recover for his own death. Therefore the amendments could not be allowed. *Church* v. *Boylston & Woodbury Cafe Co.* 218 Mass. 231.

The plaintiff is not helped by the provisions of G. L. (Ter. Ed.) c. 231, § 138, that "the allowance by the court of an amendment shall be conclusive evidence of the identity of the cause of action" as being the same for which the action was brought. This section does not apply where as here it

is plain as matter of law that the cause of action proposed to be introduced by amendment could not possibly have been the same as that for which the action was originally brought.  *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1, 6.  *Bowen* v. *Fairfield*, 260 Mass. 38, 41.  *Urban* v. *Central Massachusetts Electric Co.* 301 Mass. 519, 524.

Our statutes relative to amendments have properly been construed with great liberality, but never, so far as we are aware, has an amendment been held properly allowed which attempted to introduce a cause of action that did not exist when the action was brought.  On the contrary it has been held that this cannot be done.  *Knights* v. *Treasurer & Receiver General*, 236 Mass. 336, 340.

It is unnecessary to consider whether the amendments were rightly denied for the further reason that the two year period within which an action for death must be brought under G. L. (Ter. Ed.) c. 229, § 2, as appearing in St. 1947, c. 506, § 1A, was a limitation inherent in the cause of action itself and not merely a statute of limitation barring the bringing of actions.  See *Hester* v. *Brockton*, 251 Mass. 41; *Bickford* v. *Furber*, 271 Mass. 94, 97; *Melnik* v. *Perwak*, 295 Mass. 512, 514.

*Orders denying motions to amend affirmed.*