FELLSWAY REALTY CORPORATION *vs.* BUILDING COMMISSIONER OF MEDFORD & another.

Suffolk.    March 9, 1955. — April 4, 1955.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Permit. Mandamus.*

One seeking to erect a building on his land in a city in full conformity to law, but unable to secure a building permit solely because of instructions of the city manager to the building commissioner to hold the matter in abeyance, was entitled in a mandamus proceeding against the building commissioner to an order commanding the respondent to issue the permit, not merely to an order commanding him "to definitely act" upon the application for the permit.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on August 17, 1954.

Upon transfer to the Superior Court the case was heard by *O'Connell, J.*

*Emmanuel Kurland,* for the petitioner.

*Mark E. Gallagher, Jr.,* City Solicitor, for the respondents.

RONAN, J.    This is a petition for a writ of mandamus for the issuance of building permits by the respondent building commissioner to enable the petitioner to erect a drive-in restaurant and a small storage building upon a parcel of land which it owns in the city of Medford. The plans and specifications for the proposed structures comply in every respect with the building code of the city, and the proposed use of the land is lawful and within the classification of uses permitted by the zoning ordinances of the city. Subsequent to the filing of the applications for building

permits, an unsuccessful attempt was made to amend the zoning ordinances in such a way that the petitioner would be required to obtain the prior approval of the city council for the proposed use of the premises. The building commissioner would have issued the permits but for the instruction of the city manager, who was added as a respondent by amendment to the petition, to hold the matter in abeyance. An appeal by the petitioner to the board of appeals, in accordance with the building code, was not heard, the board declining "jurisdiction to entertain the appeal in view of the fact that there had been no decision by an administrative officer of the city." It appeared from the statement of agreed facts upon which the petition was submitted to the judge that the petitioner had done everything on its part to be done in order to entitle it to the issuance of the building permits. The judge ordered the writ to issue "specifically commanding the respondent . . . [building commissioner] to definitely act" and dismissing the petition as to the city manager. Later he allowed a motion that judgment be entered in accordance with said order.

We agree with the petitioner that it was entitled to a fuller measure of relief and to an order commanding the building commissioner to grant the permits.

A landowner has a right to improve his premises by the erection and use of buildings thereon where he complies with the existing statutes and ordinances, and he is entitled to whatever permits may be necessary to enable him to exercise this right. "The right to build would be utterly lacking in substance if its exercise could be prevented by the arbitrary and capricious refusal of a permit, or if the granting or denial of the permit rested in the discretion of some official or board." *Kenney* v. *Building Commissioner of Melrose*, 315 Mass. 291, 293, 294. *D'Ambra* v. *Zoning Board of Appeal of Attleboro*, 324 Mass. 61. *Deutschmann* v. *Board of Appeals of Canton*, 325 Mass. 297. *Caputo* v. *Board of Appeals of Somerville*, 330 Mass. 107, 110. Whatever power, if any, the city manager had with reference to

the granting of permits, he had no authority to induce the building commissioner to refuse to act upon the petitioner's applications. Judgment must now be entered commanding the building commissioner to issue the permits and dismissing the petition against the city manager. *Elmer* v. *Commissioner of Insurance*, 304 Mass. 194, 199. *Massachusetts Society of Graduate Physical Therapists, Inc.* v. *Board of Registration in Medicine*, 330 Mass. 601, 605–606.

*So ordered.*