*Western District*
No. 123
**ARMAND A. FUSCO, ET AL**
v.
**SPRINGFIELD REPUBLICAN COMPANY**

Argued: June 17, 1974 - Decided: Oct. 3, 1974

*Present:* Dudley, P.J., Gould, Larkin, JJ.
Case tried to *Donahue, J.* in the District Court
of Western Hampden, No. 72-R-316.

**Larkin, J.** This is an appeal from the decision of the trial court which found against the defendant newspaper company in a libel action after allowing the plaintiff to amend a declaration to add a count which ultimately served as the predicate for the adverse ruling against the defendant. Although this case raises potentially significant First Amendment issues relative to the libel laws under *New York Times Co.* v. *Sullivan,* 376 U.S. 254 (1963) and its progeny. See, e.g., *Rosenbloom* v. *Metromedia,* 403 U.S. 29 (1971); Compare *Stone* v. *Essex County Newspapers, Inc.,* Mass. Adv. Sheets, 311 N.E. 2d 52 (1974), the basis of our decision on the procedural point permits us to pretermit the Constitutional issues.

Plaintiff initially brought an action of tort for libel by writ dated February 10, 1971, in the Hampden County Superior Court. The case was remanded to the District Court of Western Hampden under General Laws, Chapter 231, Section 102C. The original declaration contained two counts. These counts, alleging libel, were based upon certain language contained in a newspaper article published in the Springfield Sunday Republican on February 22, 1970. The case was tried on these counts on November 10, 1972.

Some five months later, on April 17, 1973, following a conference called by the Court and at the Court's suggestion, the plaintiff filed a motion to amend his original declaration by adding a third count. This new, additional third count was based on other language published in the Springfield Union in a subsequent article on January 18, 1971.

The motion of the plaintiff to amend his declaration by adding the third count — predicated on the subsequent article in a different newspaper — was heard on April 24 and, subsequently, allowed. On May 7, 1973, the defendant filed a request for a report on the action of the Court in allowing the amendment to plaintiff's declaration and filed a demurrer to Count 3 which was added by the amendment at issue. On June 5, 1973 the trial was resumed and completed. At the conclusion of the trial the court found for the defendant on Counts

1 and 2 but found for the plaintiff on count 3 — the count which had been added by the plaintiff in the sum of $50,000.00.

The central question is whether the trial justice was correct in allowing the amendment to add the third count. We hold that the allowance of such amendment was error.

It is now well settled that each time defamatory matter is brought to the attention of a third person, such activity constitutes a separate cause of action against the person responsible for such publication. *Wheeler* v. *Dell Publishing Company,* 300 F.2d 372 (1962), *Hartman* v. *Time, Inc.,* 64 Fed. Supp. 671 (1940).

Similarly republication by the same person of the identical material at issue constitutes a cause of action which is separate from, and independent of, the cause of action deriving from the original publication. *Curtis Publishing Co.* v. *Cassell,* 302 F.2d 132 (1962); *Gearhart* v. *UFAV, Inc.,* 150 Fed. Supp. 98 (1957); *Spriggs* v. *Assoc. Press,* 55 Fed. Supp. 385 (1944).

Here the evidence is uncontroverted that count 3 was predicated on a separate and distinct publication aimed, at least in part, to a different readership and published in a different newspaper (one, however, which is owned by the same publisher.) In short, count 3 constituted a new, separate and distinct cause of action, whose genesis and radiations stem-

med from a source different than the original two counts.

As such, the amendment should not have been allowed. G.L. c. 231 § 51 in addressing the question of amendments refers only to amendments which may enable a plaintiff to sustain the action "for the cause for which it was intended to be brought." This is clearly not the situation here. Nor is the plaintiff helped by the provisions of G.L. c. 231 § 138 which states that "the allowance by the court of an amendment shall be conclusive evidence of the identity of the cause of action." *Sharpe* v. *Metropolitan Transit Authority,* 327 Mass. 171 (1951) construing this section of our statutes indicates plainly that the authority of the court in allowing amendments is not unlimited. As was stated in *Sharpe* v. *Metropolitan Transit Authority,* 327 Mass. 171 (1951):

"Our statutes relative to amendments have properly been construed with great liberality, but never, so far as we are aware, has an amendment been held properly allowed which attempted to introduce a cause of action that did not exist when the action was brought. On the contrary it has been held that this cannot be done." *Id.* at 174. To the same effect, See, *Gallagher* v. *Wheeler,* 292 Mass. 547, 552 (1935). In short the provisions of Section 138 that "the allowance by the Court of an amendment shall be conclusive evidence of the cause of action" as being the same for which the

action was brought does not apply in the instant situation where it is plain as a matter of law that the cause of action set forth in Count 3 was both substantively and conceptually distinct from the original counts for which the action was originally brought.

More significantly, it is clear that this is not a case where the claim allowed by amendment arose out of the same incident as that originally declared upon. Compare *Melanson* v. *Smith,* 282 Mass. 85 (1933); *Walsh* v. *Curcio,* 266 N.E. 2d 895 (1971), 1971 A.S. 183, or a case where the amendment or added count merely states a different form of liability growing out of the same transaction or act and seeking redress for the same wrong. Compare *Gallagher* v. *Wheeler,* 292 Mass. 547, 551 (1935); *Gay* v. *Homer,* 13 Pick. 535, 542 (1833).

As the defendant correctly points out the case at bar is closely analogous to a situation in which a plaintiff sues for injuries stemming from a motor vehicle accident and then, after an intervening period, attempts to add a count for injuries sustained in a different, later accident, simply because the same defendant owned the vehicles involved in both accidents.

For all of the above reasons, the allowance of the amendment to add the third count setting forth a new and distinct cause of action arising out of a new and different incident or publication was error and the finding for the plaintiff on that count should be set aside.

The finding for the plaintiff on count three is vacated and a finding is ordered on that count for the defendant.