RALPH TISEI, trustee, *vs.* BUILDING INSPECTOR OF
MARLBOROUGH & another.[1]

Middlesex.    December 17, 1976. — May 24, 1977.

Present: KEVILLE, ARMSTRONG, & BROWN, JJ.

*Practice, Civil,* Appeal. *Pleading, Civil,* Amendment, Supplemental
    pleading. *Building Laws. Permit.*

Where, after the filing of a judge's "Findings, Rulings, and Order,"
    the clerk failed to set forth on a separate document and enter a
    judgment denying the plaintiff's complaint for relief in the nature
    of mandamus, the appeal was dismissed as premature. [330]
Although a plaintiff in an action in the nature of mandamus seeking
    the issuance of a building permit was not entitled to relief on the

---

[1] The city council of the city of Marlborough.

basis of action taken by the defendants after the filing of the plaintiff's complaint, where there appeared to be no issue of fact as to the defendants' actions, where those actions were fully testified to at the hearing before the trial judge, and where the question whether the plaintiff was entitled to relief as a result of those actions had been fully argued, the plaintiff was given an opportunity to file either a motion to amend his pleadings to conform them to the evidence or one for leave to serve a supplemental pleading setting forth the events occurring after the commencement of the action. [333-334]

A plaintiff who brought an action seeking to have the court order the issuance of a building permit under a section of a municipal building code could not simultaneously contend that the section was invalid. [332-333]

Under a city's building code which provided that a building permit could be issued only upon approval by the public safety committee of the city council and further provided that upon the refusal of the building inspector to issue a permit an applicant could petition the city council for a permit, the city council had no authority to overrule the committee's vote approving issuance of a permit. [334-335]

In an action in the nature of mandamus seeking the issuance of a building permit, there was no merit to the defendants' contention that the plaintiff failed to exhaust other available remedies. [335-336]

PETITION filed in the Superior Court on February 27, 1974.

The case was heard by *Tamburello*, J.

*Jay J. Curley* for the plaintiff.

*David P. Gadbois*, City Solicitor (*Allan Robinson* with him) for the Building Inspector of Marlborough & another.

KEVILLE, J. By this petition for a writ of mandamus, brought on February 27, 1974, the plaintiff seeks to compel the defendant building inspector of Marlborough to issue a building permit for the construction of a twenty-four unit apartment building. The trial judge heard the case on May 13, 1974, and on August 5, 1974, filed a document entitled "Findings, Rulings and Order" which concluded with the statement, "The petition for a Writ of Mandamus is hereby denied." The plaintiff appealed from the "Findings, Rulings and Order."[2]

---

[2] Following our decision in *Tisei* v. *Board of Appeals of Marlborough,* 3 Mass. App. Ct. 377 (1975), upholding the denial by a single justice of this court of the plaintiff's motions to extend time to docket

The appeal must be dismissed. The case having been tried before July 1, 1974, but no findings having been filed until after July 1, 1974, all proceedings after July 1 were required to conform to the new rules of civil and appellate procedure which became effective on that date.[3] See Mass. R.Civ.P. 1A, subparagraph 8, 365 Mass. 732 (1974). After the filing of the judge's "Findings, Rulings and Order" the clerk did not, pursuant to Mass.R.Civ.P. 58(a)(1), 365 Mass. 826 (1974), set forth on a separate document and enter a judgment denying the plaintiff's complaint for relief in the nature of mandamus. The judge's statement at the conclusion of his "Findings, Rulings and Order" that "[t]he petition for a Writ of Mandamus is hereby denied" did not constitute an effective entry of judgment. Since judgment has not been set forth on a separate document and entered, "any appellate procedure is premature." See the eighth and ninth paragraphs of the Reporters' Notes to Mass.R.Civ.P. 58, Mass. Ann. Laws, Rules of Civil and Appellate Procedure at 368 (1974); *Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket, ante,* 206, 207 (1977), and material cited. Nevertheless, because the order for judgment is in such a form that the clerk may "enter judgment without awaiting any direction by the court" (Mass.R.Civ.P. 58[a][1], as amended, 371 Mass. 908 [1977]), we proceed to consider by way of dictum the contentions argued by the parties. *Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket, ante,* at 207-208.

---

his appeal (Mass.R.A.P. 10[a], 365 Mass. 853-854 [1974]) and to designate the contents of the record (see Mass.R.A.P. 14[b], 365 Mass. 859 [1974]), the single justice granted the plaintiff leave to comply with the provisions of Mass.R.A.P. 8(b), 365 Mass. 850 (1974), and 10(a), as amended, 367 Mass. 919 (1975).

[3] Although the new Rules of Civil Procedure abolished the writ of mandamus (Mass.R.Civ.P. 81[b], 365 Mass. 841 [1974]), the relief formerly provided by that writ remains available by, and we treat the plaintiff's petition as, a complaint for relief in the nature of mandamus. See G. L. c. 249, § 5, as appearing in St. 1973, c. 1114, § 291, *Del Duca* v. *Town Admr. of Methuen,* 368 Mass. 1, 2, n.2 (1975), and *Descarage* v. *Building Inspector of Northampton,* 4 Mass. App. Ct. 810 (1976).

We summarize the findings of the judge. On December 3, 1970, the plaintiff, pursuant to § 3-18 of the Marlborough building code, filed an application with the building inspector for a permit to build an apartment building on East Main Street in Marlborough. See G. L. c. 143, § 3, as in effect prior to St. 1972, c. 802, § 15.[4] On January 18, 1972, after the plaintiff had obtained certain other permits necessary before obtaining a building permit, the building inspector refused to issue the building permit because "the land in question was improperly zoned." The plaintiff appealed from that decision to the Marlborough board of appeals (see G. L. c. 40A, § 13, as in effect prior to St. 1975, c. 808, § 3), which reversed the decision and directed that the building inspector issue a permit under the zoning ordinance. After the plaintiff made certain changes in the building plans requested by the building inspector, the latter in early September, 1972, again refused to issue a building permit on the ground that a permit could not issue until the public safety committee of the city council (the committee) had approved the building plans. See § 3-18 of the Marlborough building code.[5] On December 28, 1972, the committee disapproved the site plan. The plaintiff, pursuant to § 3-21 of the building code,[6] petitioned the city council for a building permit. On April 23, 1973, the city council voted to uphold the committee's decision and deny a permit. The plaintiff made further changes in his building and site plans, obtained the approval of the building inspector, and at the request of the building inspector

---

[4] The State Building Code, adopted and promulgated pursuant to G. L. c. 23B, § 16, did not come into effect until July 1, 1975 (see St. 1972, c. 802, § 67), and therefore is not material to the present case.

[5] The relevant portion of § 3-18 reads: "A building permit shall be issued only after this plan is approved by the public safety committee of the city council."

[6] Section 3-21 reads: "If for any reason the inspector does not grant a building permit, the applicant may petition the city council for a permit, which they may grant, after a public hearing of which seven days' notice has been given, in a local daily newspaper."

resubmitted his application to the committee. On September 26, 1973, the committee refused to approve the modified plans, and on October 29, 1973, the building inspector, not in the exercise of his independent judgment, but because of the action of the committee (see *C. & H. Co.* v. *Building Commr. of Medford,* 303 Mass. 499, 500 [1939]), refused to issue a building permit. The plaintiff again appealed to the city council which on December 3, 1973, voted to refer the matter back to the committee. After the committee again refused to approve the issuance of a building permit, the city council on February 4, 1974, denied the plaintiff's application.

At trial, there was uncontradicted testimony, to which there was no objection, that after February 4, 1974, the committee voted, without notice to the plaintiff, in favor of the issuance of a building permit to the plaintiff, but that in April, 1974, the city council voted to overrule the decision of the committee without holding a public hearing or giving the plaintiff notice of its action.

1. We first dispose of the plaintiff's contention that he is entitled to a building permit because the committee was without power to disapprove the issuance of a permit. This contention rests on the assertion that § 3-18 of the building code — which sets forth the procedure for applying for building permits and which authorizes the committee to act as the ultimate "representative of the general public interest" in determining whether a permit should issue (see *O'Donnell* v. *Board of Appeals of Billerica,* 349 Mass. 324, 326 [1965]) — is invalid since it sets forth no standards for the guidance of the committee and thereby confers upon the committee unbridled discretion to grant or refuse a permit.

This contention of the plaintiff must fail. The plaintiff by seeking to have the Superior Court order the issuance of a permit under § 3-18 must be deemed to have recognized the validity of that section. *Karl V. Wolsey Co. Inc.* v. *Building Inspector of Bedford,* 324 Mass. 419, 421-422 (1949). The plaintiff cannot simultaneously seek the issuance of a permit under § 3-18 and assert that that section

is invalid. *Shemeth* v. *Selectmen of Holden*, 317 Mass. 278, 280-281 (1944).

2. The plaintiff's remaining contention is that the city council was without authority to override the committee's vote, taken after February 4, 1974, approving the issuance of a permit to the plaintiff and therefore that the committee's vote entitles him to a permit. Before we reach the merits of this contention, we must consider a procedural problem. The plaintiff's complaint, having been filed without notice of (and apparently before) the committee's vote, sought relief only on the basis of the actions of the building inspector, the committee, and the city council through February 4, 1974. Relief granted on the basis of the actions of any of them after that date would, therefore, be beyond the scope of the pleadings. *Farinha* v. *Commissioner of Banks*, 303 Mass. 192, 195 (1939). *Shemeth* v. *Selectmen of Holden, supra,* at 280.

However, there appears to be no issue of fact concerning the actions of the committee and city council after February 4; those actions were fully testified to at the hearing before the trial judge, and the question whether the plaintiff is entitled to a permit as a result of the committee's vote has been fully argued before us. See *Farinha* v. *Commissioner of Banks, supra; Seder* v. *Kozlowski,* 304 Mass. 367, 370 (1939); *Pridgen* v. *Boston Housing Authy.* 364 Mass. 696, 717-718 (1974). See also *Payne* v. *R.H. White Co.* 314 Mass. 63, 67 (1943). We believe in these circumstances that the plaintiff should be given an opportunity under Mass.R.Civ.P. 15(b) or 15(d), 365 Mass. 761, 762 (1974) (see Mass.R.Civ.P. 1A, subparagraph 2, citing rule 15); *M. DeMatteo Constr. Co.* v. *Board of Appeals of Hingham,* 3 Mass. App. Ct. 446, 455-456, n.10 [1975]; see also 3 Moore's Federal Practice par. 15.16[4] [1974]) to file either a motion to amend his pleadings to conform them to the evidence (see *Sandler* v. *Elliott,* 335 Mass. 576, 589 [1957], and *Pridgen* v. *Boston Housing Authy.* 364 Mass. at 717) or one for leave to serve a supplemental pleading setting forth the events occurring after the commencement of his action (see *Caputo* v. *Board*

*of Appeals of Somerville,* 330 Mass. 107, 114 [1953], *Schertzer* v. *Somerville,* 345 Mass. 747, 750 [1963], and *George Altman, Inc.* v. *Vogue Internationale, Inc.* 366 Mass. 176, 180-181 [1974]). Either type of motion may be allowed even if, as a technical matter, the amendment or supplemental pleading results in the introduction into the suit of a new cause of action. See the last paragraph of the Reporters' Notes to Mass.R.Civ.P. 15, Mass. Ann. Laws, Rules of Civil and Appellate Procedure at 288 (1974). See also 3 Moore's Federal Practice par. 15.16[3] (1974). Contrast *Knights* v. *Treasurer & Recr. Gen.* 236 Mass. 336, 338-341 (1920), and *Sharpe* v. *Metropolitan Transit Authy.* 327 Mass. 171, 174 (1951), both decided before the adoption of the new rules of civil procedure.

On the assumption that the plaintiff does seek, and is permitted, to amend his pleadings or to serve a supplemental pleading so as to set forth the actions of the committee and the city council after February 4, 1974, which were testified to at the trial, we proceed to consider the plaintiff's contention that he is entitled to a permit as a result of the committee's vote. As we stated in part 1 of this opinion, § 3-18 of the Marlborough building code names the committee as the ultimate representative of the general public to determine whether a proposed construction satisfies the requirements of the building code. It is clear from the testimony at trial that the committee (and the building inspector) approved the issuance of a building permit to the plaintiff and that the sole reason a permit has not been issued is the city council's vote purportedly overruling the committee's vote approving the issuance of a permit.

We are of the opinion that the city council's vote was invalid. The city council had no authority under the building code to act as an administrative body of original jurisdiction. *Rice* v. *Board of Appeals of Dennis,* 342 Mass. 499, 501 (1961). No provision of the building code which has been brought to our attention authorizes an appeal to the

city council from a decision of the committee approving the issuance of a building permit;[7] nor is there an indication in the record that anyone attempted to appeal from the committee's approval of the issuance of a permit. In these circumstances the city council's vote purporting to override the decision of the committee constituted an "improper interference" with the duties of the committee (and the building inspector). *Ouellette* v. *Building Inspector of Quincy,* 362 Mass. 272, 275, 276, 278, n.9 (1972). See also *Fellsway Realty Corp.* v. *Building Commr. of Medford,* 332 Mass. 471, 472-473 (1955), and *P & D Serv. Co. Inc.* v. *Zoning Board of Appeals of Dedham,* 359 Mass. 96, 104 (1971).

The defendants' contention that the plaintiff is not entitled to relief in the nature of mandamus because he failed to exhaust other adequate remedies allegedly available to him must fail. When the committee's vote approving the issuance of a permit to the plaintiff failed to result in the issuance of a permit, no requirement arose that the plaintiff again petition the city council pursuant to § 3-21 for a permit before seeking relief in the nature of mandamus; the futility of thus petitioning the city council is apparent from the fact that the sole reason a building permit was not issued to the plaintiff was the city council's vote in effect directing that no permit be issued. See *Ciszewski* v. *Industrial Acc. Bd.,* 367 Mass. 135, 140-141 (1975). See also *Porter* v. *City Council of Malden,* 346 Mass. 368, 372-373 (1963), and *Boston Edison Co.* v. *Selectmen of Concord,* 355 Mass. 79, 84-85 (1968). Contrast *C. & H. Co.* v. *Building Commr. of Medford,* 303 Mass. at 500-501. In addition, the plaintiff was not deprived of the right to proceed by an action in the nature of mandamus by the fact that he might have sought declaratory relief pursuant to G. L. c. 231A. "Nothing of substance

---

[7] Section 3-21 goes no further than to authorize an applicant to petition the city council for a permit upon the building inspector's *refusal* to issue a permit. See n.6.

turns on whether the issue comes into court for adjudication by application for a writ or under G. L. c. 231A." *Woods* v. *Newton,* 349 Mass. 373, 379 (1965). See *Kennedy* v. *Building Inspector of Randolph,* 351 Mass. 550, 553 (1967).

We conclude that, if the plaintiff is permitted to (and does) amend his pleadings or serve a supplemental pleading so as to set forth the actions of the committee and the city council subsequent to February 4, 1974, which were testified to at the trial, the plaintiff will be entitled to a judgment ordering that a building permit be issued to him.[8] *Kenney* v. *Building Commr. of Melrose,* 315 Mass. 291, 293-294, 296 (1943). *Fellsway Realty Corp.* v. *Building Commr. of Medford,* 332 Mass. at 472-473. *Cullen* v. *Building Inspector of No. Attleborough,* 353 Mass. 671, 678 (1968). *Ouellette* v. *Building Inspector of Quincy,* 362 Mass. at 280. See *Hallenborg* v. *Town Clerk of Billerica,* 360 Mass. 513, 519-520 (1971). Not only has the committee (and the building inspector) determined that the plaintiff's plans satisfy the requirements of the building code, but also the board of appeals has determined that the plaintiff's plans for the construction of an apartment building violate no provision of the city's zoning ordinance. See *Boston* v. *Pagliaro,* 1 Mass. App. Ct. 117, 122 (1973). If within such time from the issuance of the rescript of this court as the Superior Court deems reasonable the plaintiff does not move that he be permitted to amend his pleadings or to serve a supplemental pleading, or if the plaintiff after the allowance of such a motion fails to amend his pleadings or to serve a supplemental pleading within such time as that court may allow, judgment is to be entered in accordance with the original order for judgment.

---

[8] No purpose would be served by our requiring the Superior Court to make findings with respect to those decisions made by the committee and the city council after February 4, 1974. The testimony regarding those decisions was undisputed, and all parties have argued the case to us on the basis that that testimony is true.

The appeal is dismissed. Further proceedings are to be had in the Superior Court not inconsistent with this opinion.

*So ordered.*