**Thomas S. CLARK, Plaintiff,**

v.

**William P. BISSONNETTE, et al., Defendants.**

**Civ. A. No. 84–2105–C.**

United States District Court, D. Massachusetts.

March 14, 1985.

Paul J. Moriarty, Norwell, Mass., for plaintiff.

Lee G. Ambler, Bellingham, Mass., Paul R. DeRensis, John C. Foskett, Deutsch, Williams, Glass, Brooks & DeRensis, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by Thomas H. Clark, the owner and developer of certain real estate located in the Town of Bellingham, Massachusetts. Mr. Clark alleges, *inter alia,* that town officials have frustrated his efforts to obtain building permits, use and occupancy permits, and water connection permits, all in violation of his constitutional rights. The complaint purports to state claims under 42 U.S.C. §§ 1983, 1985 and 1986, as well as pendent state tort claims. Federal jurisdiction is claimed under 28 U.S.C. §§ 1331 and 1343. The matter is now before the Court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

Pertinent portions of plaintiff's complaint allege a series of events surrounding his attempts to obtain the necessary permits to develop and utilize three parcels of land located in the Town of Bellingham. The defendants are five Town Selectmen, four present and former Building Inspectors, the Superintendent of the Town Water Department, three Water Commissioners and the Special Town Counsel. The plaintiff alleges that the Town Building Inspectors issued numerous "stop work" orders at construction sites, that the town Plumbing Inspector refused to issue a plumbing permit, that Building Inspectors have twice denied applications for a permit to build a wall, that the town Water Commissioners have failed to provide water service, that the Selectmen have voted to refuse water service, and that Building Inspectors have revoked building permits, refused to inspect property and have refused to grant occupancy permits. It is further alleged that on several occasions the responsible officials undertook such unfavorable actions as the result of instructions given by the Selectmen and/or a Building Inspector.

The complaint also alleges that on four occasions the plaintiff appealed the Building Inspector's unfavorable determinations to the Massachusetts State Building Code Appeals Board ("Board") and obtained favorable orders from that Board each time. Plaintiff claims that the defendants have failed to obey two of the Board's orders. Furthermore, the Town is alleged to have instituted a civil action against the defendant in malice and bad faith which it failed to prosecute, resulting in judgment and execution for Mr. Clark.

The complaint is rife with allegations that the defendants acted with malice and in bad faith for the purpose of penalizing "the plaintiff for developing real estate contrary to the wishes of some or all of the defendants." The alleged result of the defendants actions has been to deprive the plaintiff of property without due process of law. Additional allegations which pertain to plaintiff's pendent state law claims need not be addressed for the purposes of this motion.

On a rule 12(b)(6) motion, all allegations in the complaint are taken as true. Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

*Section 1983 Claim*

■ Federal courts are generally reluctant to use § 1983 as a means of reviewing the actions of local zoning or licensing authorities. *E.g. Raskiewicz v. Town of New Boston*, 754 F.2d 38 (1st Cir.1985); *Chiplin Enterprises, Inc. v. City of Lebanon*, 712 F.2d 1524 (1st Cir.1983); *Cloutier v. Town of Epping*, 714 F.2d 1184 (1st Cir.1983); *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822 (1st Cir.), *cert. denied*, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982). The Court of Appeals for the First Circuit has stated the rule unequivocally: "federal courts do not sit as a super zoning board or a zoning board of appeals." *Raskiewicz*, 754 F.2d at 44.

■ This rule is sound for several reasons. Even assuming that a plaintiff has a cognizable property interest in the issuance of a permit or other authorization, state zoning schemes generally provide for hearings at the local board level as well as administrative and judicial review of any adverse action. In other words, the state procedure provides for adequate procedural due process. *See Creative Environments, Inc.*, 680 F.2d at 829–832. Moreover, even where an issuing authority fails to obey state law this does not necessarily give rise to a constitutional claim. *Chiplin Enterprises, Inc.*, 712 F.2d at 1527, *citing Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). A claim that denial of a permit or variance "was improperly motivated, unsupported by an allegation of the deprivation of a specific constitutional right, simply raises a matter of local concern, properly and fully reviewable in the state courts." *Id.*

■ Plaintiff Clark seeks to distinguish this case from the ordinary zoning dispute on the ground that although he has successfully pursued the administrative and judicial remedies provided by Massachusetts law, intransigent town officials continue to deny him the permits to which he is entitled. In particular, Clark points to his appeals to the State Building Code Appeals Board pursuant to M.G.L. c. 23B § 23. Clark avers that he received favorable rulings from the Board on four occasions, but that the Town Building inspector has failed to act in accordance with two of the Board's orders. Clark also claims that town officials have based their refusal to grant permits on grounds which were adjudicated in his favor in the earlier state civil suit. Accordingly, Clark maintains that because he has *successfully* pursued state remedies he has no adverse decision to appeal and is therefore foreclosed from obtaining effective relief in the state courts.

As a matter of Massachusetts state law, this is simply not the case. Massachusetts has ample remedies for persons aggrieved

by local officials. A local building inspector's failure to act, as well as his affirmative acts, are reviewable before the State Building Code Appeals Board. M.G.L. c. 23B § 23. Decisions by plumbing inspectors are, pursuant to a different statutory scheme, reviewable by the Board of State Examiners of Plumbers. M.G.L. c. 142 § 9. Judicial review of final administrative action is available in the commonwealth's courts pursuant to M.G.L. c. 30A § 14. There is also precedent for judicial review of the Water Commissioners failure to provide water to plaintiff's property. *Rounds v. Board of Water & Sewer Commissioners of Wilmington*, 347 Mass. 40, 196 N.E.2d 209 (1964).

Perhaps most pertinent to plaintiff's dilemma is the availability of relief in the nature of mandamus. M.G.L. c. 249 § 5. There is case law that where a building inspector acts outside the scope of his authority and the plaintiff has no administrative remedy, the appropriate means of redress is through a petition for mandamus. *Ouellette v. Building Inspector of Quincy*, 362 Mass. 272, 277, 285 N.E.2d 423 (1972). Moreover, mandamus has been granted in situations similar to plaintiff's, where a city official has ordered the building inspector to wrongfully withhold a permit. *Fellsway Realty Corporation v. Building Commissioner of Medford*, 332 Mass. 471, 125 N.E.2d 791 (1955).

From the above it is apparent that Massachusetts affords a full panoply of administrative and judicial remedies of which plaintiff may avail himself. Because adequate procedural due process is available, this case is not of constitutional dimension and plaintiff's complaint fails to state a claim for which relief can be granted pursuant to § 1983.

In so ruling, I note that this case is inapposite to the case of *Roy v. City of Augusta*, 712 F.2d 1517 (1st Cir.1983), in which the court allowed a § 1983 remedy because the peculiar circumstances of the case foreclosed the possibility of relief in the state courts. The plaintiff in *Roy* was denied a renewal of his pool hall license by

local officials in Augusta, Maine. After a protracted period of litigation, the Maine Supreme Judicial Court ordered that the license be issued, whereupon the local authority issued an expired license to the plaintiff. The court of Appeals for the First circuit held that because the plaintiff had established his right to the license in the Maine Supreme Judicial Court, he had a constitutionally cognizable property interest in it. The failure of the Augusta officials to issue a valid license at that point, rather than the original denial, constituted a deprivation of property. Because Roy had since been forced to sell the pool hall and the officials were immune from suit for money damages under state law, he had no effective state remedy to pursue.

In contrast, plaintiff Clark still owns the land in question, and is therefore still in a position to benefit from grant of the requested permits.

### Section 1985 and 1986 Claims

Plaintiff's §§ 1985 and 1986 claims need be addressed only briefly. In order to state a claim under § 1985(3) it is necessary to allege that the defendants' acts were motivated by "a class-based, invidiously discriminatory animus ..." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). To meet this burden, the plaintiff must show that he was discriminated against because of his membership in a class. It is insufficient that the plaintiff is a member of a class of persons similarly situated, or that he was treated differently from other members of a class. *Creative Environments, Inc.*, 680 F.2d at 834, *citing Harrison v. Brooks*, 519 F.2d 1358 (1st Cir.1975). By this standard, plaintiff Clark's complaint fails to state a claim under § 1985. With no underlying § 1985 claim, the § 1986 claim must also fail. *Creative Environments, Inc.*, 680 F.2d at 835.

Because no federal claim remains before the court, I rule that plaintiff's pendent state claims should be dismissed as well. *United Mine Workers of America v.*

*Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Order accordingly.