OPINION OF THE COURT
Anthony F. Shaheen, J.
The plaintiff commenced a civil rights action under 42 USC § 1983 against the New York State Liquor Authority and Leslie Trebby, an associate attorney for the Authority. The facts are not in dispute and will be recited briefly only for purposes of understanding the motion now before the court to dismiss the complaint based on Trebby’s immunity and for failure to state a cause of action.
Plaintiff had been issued liquor license No. 20-OP-247 for his business J.D.’s Lounge in Ilion, New York. In May 1985, he apparently paid certain moneys to one Joseph Córtese towards the purchase of the Imperial House of Utica, Inc., which was operating under its own liquor license (No. OP-956). From May 6, 1985 to July 15, 1985 while awaiting the finalization of the sale, plaintiff operated the Imperial House under Mr. Cortese’s liquor license. The purchase of the Imperial House was never consummated. However, in the meantime, the defendant New York State Liquor Authority investigated the charge that plaintiff had availed himself of the Córtese license issued to the Imperial House by operating under the license during the time the sale was pending. The plaintiff eventually entered a plea of "no contest” to that charge; and on March 5, 1986 his own license at J.D.’s Lounge was canceled based on that plea, said cancellation to become effective March 17, 1986. The plaintiff claims that he entered his plea of "no cqntest” upon the promise of defendant Trebby that said plea would not be an impediment to his obtaining a new license at J.D.’s Lounge. On March 25, 1986, plaintiff made a new application for a liquor license at J.D.’s Lounge and on May 6, 1986, that application was denied.
Plaintiff took no further action regarding his license until March 1987 when he commenced this civil rights action *90 presently before this court. Plaintiff now claims that the defendants, acting under color of the Alcoholic Beverage Control Law, deprived plaintiff of "substantial property rights” by inducing him to enter a plea which was the basis for refusing to issue him a new license when he reapplied eight days after his first license was canceled. Plaintiff claims the defendants acted in an arbitrary and capricious manner in violation of his civil rights and he seeks money damages as well as a permanent injunction to prevent defendants from continuing to deny him a new license for J.D.’s Lounge. The defendants filed this motion to dismiss prior to filing an answer to the complaint, alleging failure to state a cause of action, lack of jurisdiction over the defendant Liquor Authority, and absolute and qualified immunity for the defendant Trebby.
Initially, the motion to dismiss the complaint against the defendant State Liquor Authority should be granted. The State and its agencies are not "persons” under 42 USC § 1983, and therefore the court does not have jurisdiction over the defendant New York State Liquor Authority in this civil rights action (Richards v New York State Dept. of Correctional Servs., 572 F Supp 1168, 1172 [SD NY 1983]; Diaz v Ward, 437 F Supp 678, 688, appeal dismissed 652 F2d 53).
Turning now to defendants’ motion to dismiss the complaint for failure to state a cause of action, the court has again reviewed the complaint, and is unable to discern therefrom any deprivation of a constitutionally protected right. The regulation and control of the sale and distribution of alcoholic beverages are matters properly within the police power of the State (Alcoholic Beverage Control Law § 100; Seagram & Sons v Hostetter, 45 Misc 2d 956, 964, affd 23 AD2d 933, affd 16 NY2d 47, affd 384 US 35, reh denied 384 US 967). If plaintiff is alleging, as it appears from his complaint, that the State acted in an illegal, arbitrary or capricious manner in canceling plaintiff’s liquor license at J.D.’s Lounge, and refusing to issue him a new license, his remedy was a CPLR article 78 proceeding to review those acts, not a section 1983 civil rights action against the State for money damages (Alcoholic Beverage Control Law § 121 [1], [4]; Fraccola v State of New York, 35 Misc 2d 74; Alfaro Motors v Ward, 814 F2d 883 [2d Cir 1987]). If plaintiff is alleging that the actions of the defendants violated his Fourteenth Amendment rights, his claim is still untenable. The Fourteenth Amendment does not protect against all deprivation of life, liberty and property by the *91 State; rather, that Amendment protects only against such deprivations " 'without due process of law’ ” (Parratt v Taylor, 451 US 527, 537, overruled on other grounds Daniels v Williams, 474 US 327). Since the plaintiff herein had adequate due process procedures available to him, by way of an article 78 proceeding to review and remedy the defendants’ actions, this case is not one of constitutional dimension, and therefore his complaint fails to state a claim for which relief can be granted pursuant to 42 USC § 1983 (Parratt v Taylor, supra, at 538-539; Alfaro Motors v Ward, supra; Clark v Bissonnette, 604 F Supp 710 [DC Mass 1985]). Nor does plaintiff’s failure to timely commence an article 78 proceeding somehow raise a constitutional issue where none had previously existed. The defendants’ motion to dismiss for failure to state a cause of action is granted. Having so decided, the court does not reach the question of defendant Trebby’s immunity.