Houston, J.
On January 12, 2000, plaintiff, Reading Development Company II, L.L.P., and defendant, First National Stores, Inc., entered into a settlement agreement in the above captioned case and filed with the court a stipulation of dismissal without prejudice, pursuant to Mass.R.Civ.R 41 (a)(1)(ii).[1] The plaintiff now moves to reopen the case as a result of the defendant’s breach of the settlement agreement. The plaintiff also moves to amend the complaint adding a count for breach of the settlement agreement and adding a defendant, Myriad Properties Ltd., which subleases the property in question, a community retail center located at 275 Salem Street, Reading, Massachusetts. Myriad Properties Ltd. subleases a portion of the property to the Registry of Motor Vehicles, whose conduct gave rise to the allegations in the original complaint. The amendment proposes to add Myriad Properties Ltd. as a defendant to all counts of the complaint.
As a result of the defendant’s breach of the settlement agreement, the case must be reopened. A court may vacate a judgment, pursuant to Mass.R.Civ.P. 60(b)(6), for, inter alia, “any other reason justifying relief from the operation of the judgment.” In this case, the failure of the defendant to abide by the terms of the settlement agreement is reason for this court to vacate the stipulation of dismissal and reopen the above captioned case. This court notes that the defendant had notice that this litigation could be reactivated because the settlement agreement sets out the plaintiff s right to reactivate the litigation in the event that the Registry of Motor Vehicle fails to vacate the premises.
The amendment to the complaint adding Myriad Properties Ltd. as a defendant to the legal claims and factual allegations set out in the original complaint must also be allowed. The court, at any time, can allow an amendment to a complaint adding a defendant in order to enable a plaintiff to sustain the cause of action. See G.L.c. 231, §51. Leave to amend a complaint shall be freely given when justice so requires. Mass.R.Civ.P. 15(a). In addition, “a motion to amend should be allowed unless some good reason appears for denying it.” See Castellucci v. United States Guar. Co., 372 Mass 288, 289 (1977). A motion to amend may be denied when there is undue delay by the moving party, the trial is imminent, or the amendment would cause undue prejudice to the opposing party. See Barbosa v. Hopper Feeds, Inc., 404 Mass. 610, 621 (1989). In this case, the plaintiff has moved to reopen the case and amend the complaint as a result of a recent breach of the settlement agreement by First National Stores, Inc. and Myriad Properties Ltd. Therefore, the motion to amend is timely. In addition, although Myriad Properties Ltd. was not named as a defendant when this action was filed, it has been aware of the proceedings and is a party to the settlement agreement. Therefore, there is no undue prejudice to this defendant by allowing the motion to amend.
The amendment to the complaint to add a count for breach of the settlement agreement must be denied. Since the breach of the settlement agreement occurred three years after the conduct giving rise to the original cause of action, it could not have been intended at the time of the original complaint and must be denied. See Sharpe v. Metropolitan Transit Authority, 327 Mass. 171, 174 (1951); Bowen v. Fairfield, 260 Mass. 38, 40 (1927). The plaintiff must bring this claim as a separate cause of action.
Therefore, it is ORDERED that the stipulation of dismissal without prejudice that was entered in this case be VACATED and that this case be reopened. It is further ORDERED that the plaintiffs motion to amend the complaint to add Myriad Properties Ltd. be ALLOWED and that the plaintiffs motion to amend the complaint to add a claim for breach of the settlement agreement be DENIED.

 The agreement reads in pertinent part “[sjhould the RMV fail to agree to vacate the Premises and in fact fails to vacate the Premises by August 31, 2000, then Reading shall have the right to reactivate the Litigation, provided, however, that Reading agrees not to renew the litigation in the event that Myriad commences judicial eviction proceedings against the RMV on or before August 31, 2000 and prosecutes such proceedings in good faith.”